### H. E. FRITTS AND JIM WHITE v. JAMES GERUKOS.

(Filed 28 February, 1968.)

**1. Deeds § 23—**

A covenant of warranty is an agreement or assurance by the grantor of an estate that the grantee and his heirs and assigns shall enjoy the estate without interruption or eviction by virtue of a paramount title outstanding in another person.

**2. Same—**

A cause of action for breach of warranty of title to real estate does not arise until there has been an ouster or eviction of the grantee under a superior title.

**3. Deeds § 24—**

A restriction upon the use or the transfer of land imposed by a statutes or ordinance enacted pursuant to the police power is not an encumbrance upon the land within the meaning of a covenant against encumbrances or a contract or option to convey the land free from encumbrances.

**4. Same; Vendor and Purchaser § 4— City ordinance is not an encumbrance within the meaning of a warranty deed.**

In an action to recover the amount paid for an option, plaintiffs' evidence was to the effect that they entered into an option agreement whereby the defendant agreed to convey to them a tract of land by deed containing full covenants against encumbrances. An ordinance of the municipality ap-

plicable to the land in question prohibited the transfer of the land until the plat thereof had been approved by the city upon the construction of streets, curbs and storm sewers. The city issued a restraining order enjoining defendant from the transfer of the land until the ordinance had been complied with. *Held:* The existence of the ordinance did not subject defendant's title to an encumbrance, and there being no obligation by defendant to act in compliance with the ordinance, a finding by the jury that defendant was able to deliver a sufficient deed in accordance with the option agreement is fully supported by the evidence.

**5. Vendor and Purchaser § 7—**

Where there is no evidence that plaintiffs tendered the remainder of the purchase price to defendant and demanded the specific performance of an option agreement, their right to recover the amount paid for the option agreement depends upon the proof of a defect in defendant's title or the existence of an encumbrance which defendant was obligated to remove under the option.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Campbell, J.,* at the January 1967 Regular Session of CATAWBA. This case was docketed and argued as No. 355 at Fall Term 1967.

The plaintiffs sued to recover the amount paid by them for an option for the purchase of land in or near the city of Gastonia and for expenses incurred by them in advertising such land for resale at public auction. They allege that the defendant was unable to convey the land free from encumbrances in accordance with the terms of the option agreement.

In the option agreement, dated 5 May 1965, the defendant undertook, in consideration of the payment to him by the plaintiffs of $4,000, to convey to them, or to their nominee, a "parcel of land, situated in Gastonia Township, Gaston County, North Carolina, containing 49 Lots, and more particularly described as follows: Being 49 Lots as surveyed by Bob G. Roberts L-772 of the Pinehurst Subdivision located on North Weldon Street (Pinehurst Subdivision #2)." By the agreement the defendant further undertook that he would, at the request of the plaintiffs, on or before 5 July 1965, execute and deliver to them or their nominee "a sufficient deed with full covenant and warranty free from encumbrance" upon the payment to him of the further sum of $21,000.

At the time the option agreement was made, there was in effect an ordinance of the city of Gastonia, adopted by the city pursuant to Chapter 160, Art. 18, Part 3-A of the General Statutes, entitled "Subdivision Standard Control Ordinance of Gastonia, North Carolina," which was applicable to the land in question. This ordinance prohibits the transfer or sale of land by reference to a plat showing

a subdivision of such land until the plat has been approved by the city, which approval may be granted only upon compliance with provisions of the ordinance concerning the construction upon the land of improvements such as streets, curbs, gutters and storm sewer systems.

The plaintiffs introduced in evidence the option agreement, the ordinance and a restraining order issued 18 May 1965 in a suit brought by the city against the defendant, his wife and the plaintiff Fritts after the grant of the option. The restraining order enjoined the defendant, his wife and Fritts from conducting a public auction sale of the lots included within the description of the option agreement. It further enjoined the defendant and his wife from transferring any lot within "their subdivision" in violation of the ordinance. It was subsequently continued in effect until the final hearing of that action and was in effect until after 5 July 1965.

Other evidence introduced by the plaintiffs was to the effect that it was their purpose in acquiring the option to conduct an auction sale at which they hoped to sell the lots. Immediately upon the execution of the option they advertised such sale to be held on 22 May 1965. In obedience to the restraining order the sale was not held. The plaintiffs did not tender the remainder of the purchase price on or before 5 July 1965, nor did the defendant tender to them a deed for the land. Had the plaintiffs posted a bond conditioned upon the compliance with all provisions of the ordinance, the city would not have proceeded to prevent the proposed auction sale. The plaintiff White, prior to the issuance of the restraining order, instituted a special proceeding contemplating the posting of such bond and the approval thereof, but this was discontinued by him prior to 5 July 1965, the bond being either never filed or withdrawn. The defendant has not complied with the requirements of the ordinance and has failed and refused to return to the plaintiffs the $4,000 which they paid to him for the option.

The jury found that the defendant was able, from the execution of the option agreement to 5 July 1965, to execute and deliver a sufficient deed in accordance with the option agreement. From a judgment on the verdict that the plaintiffs recover nothing, they now appeal, assigning as error the denial of their motion to set aside the verdict as against the greater weight of the evidence and certain alleged errors in the charge of the court to the jury.

*Corne and Warlick for plaintiff appellants.*

*Sanders & Lafar and Hollowell, Stott & Hollowell for defendant appellee.*

LAKE, J. The validity of the ordinance is not questioned by either party. The plaintiffs do not contend that the defendant was not the owner in fee simple of the land described in the option agreement. They do not contend that a deed, proper in form, executed and delivered to them by the defendant would not have conveyed the land to them in fee simple. Their contention is that the existence of the ordinance and the failure of the defendant to comply with its provisions constituted an encumbrance such as to prevent him from giving to them a deed as specified in the option agreement.

A covenant of warranty is "an agreement or assurance by the grantor of an estate that the grantee and his heirs and assigns shall enjoy it without interruption by virtue of a paramount title, or that they shall not by force of a paramount title be evicted from the land or deprived of its possession." *Cover v. McAden,* 183 N.C. 641, 112 S.E. 817. "It is the law in this State that a cause of action for breach of warranty of title to real estate does not arise until there has been an ouster or eviction of the grantee or grantees under a superior title." *Shimer v. Traub,* 244 N.C. 466, 94 S.E. 2d 363. There is no suggestion that had the plaintiffs gone into possession of the property under a deed from the defendant, proper in form, they could have been evicted under a paramount title.

A restriction upon the use which may be made of land, or upon its transfer, which is imposed by a statute or ordinance enacted pursuant to the police power, such as a zoning ordinance or an ordinance regulating the size of lots, fixing building lines or otherwise regulating the subdivision of an area into lots, is not an encumbrance upon the land within the meaning of a covenant against encumbrances or a contract or option to convey the land free from encumbrances, being distinguishable in this respect from restrictions imposed by a covenant in a deed. *Lohmeyer v. Bower,* 170 Kan. 442, 227 P. 2d 102; *Josefowicz v. Porter,* 32 N.J. Super. 585, 108 A. 2d 865; *Lincoln Trust Co. v. Williams Bldg. Corporation,* 229 N.Y. 313, 128 N.E. 209; *Miller v. Milwaukee Odd Fellows Temple, Inc.,* 206 Wis. 547, 240 N.W. 193, 198; 55 Am. Jur., Vendor and Purchaser, § 250; Annotation, 175 A.L.R. 1056; Annotation, 57 A.L.R. 1424. Thus, the existence of the Subdivision Standard Control Ordinance of the city of Gastonia at the time the option agreement was executed did not cause the title of the defendant to be subject to an encumbrance and the option agreement did not constitute an undertaking by him to take any action to comply with the provision of that ordinance so as to permit the plaintiffs to resell the land at public auction as they contemplated doing.

The evidence introduced by the plaintiff does not show a viola-

tion of this ordinance by the defendant with respect to the land described in the option agreement. It merely shows that the defendant had not done those things which the ordinance provided must be done before lots are sold as parts of the subdivision. The option agreement not being an undertaking by the defendant to do these things, the injunction, subsequently issued as the result of advertising published by the plaintiffs, would not impose such obligation upon the defendant. The testimony of the plaintiffs' witness Garland, which is uncontradicted, is to the effect that the plaintiffs, by posting a bond to assure compliance with the requirements of the ordinance, might have proceeded with their plan for resale of the property at auction.

.  The plaintiffs do not proceed upon the theory that during the life of the option they tendered to the defendant the remainder of the agreed purchase price and he thereupon refused to execute the conveyance specified in the option agreement. Their evidence shows that they made no such tender. That being true, their right to recover the amount paid for the option agreement depends upon their proof of a defect in the title of the defendant or the existence of an encumbrance which it was his duty to remove under the terms of the option agreement. See 55 Am. Jur., Vendor and Purchaser, § 44. The burden of proof was upon them to show such defect or encumbrance and the record contains no evidence thereof. The trial court might properly have granted the defendant's motion for judgment of non-suit or directed a verdict in favor of the defendant. If there was technical error in the charge, and we find none, it was not prejuricial to the plaintiffs. Their assignments of error cannot be sustained.

No error.

HUSKINS, J., took no part in the consideration or decision of this case.