THERESA E. GOODROW v. CURTIS E. MARTIN, INC.

No. 6910SC16

(Filed 19 November 1969)

1. Deeds § 19— restrictive covenants

A restrictive covenant creates a negative easement constituting an interest in land.

2. Deeds § 24— covenant against encumbrances — restrictive covenants

A restrictive covenant whereby the beneficial use of land by the owner is restricted is an encumbrance within the covenant against encumbrances.

3. Deeds § 24— violation of covenant against encumbrances — sufficiency of complaint

In this action in which plaintiff seeks to set forth a cause of action based upon defendant's allegedly having sold plaintiff a house which is located closer to the lot line than allowed by restrictive covenants upon the property, the complaint fails to state a cause of action for a breach of the covenant against encumbrances in the deed from plaintiff to defendant, where there is no allegation in the complaint as to the covenant against encumbrances in the deed or any breach thereof, there is no allegation that the restrictive covenants referred to in the complaint imposed

a burden rather than a benefit, and there is no allegation of the way plaintiff is damaged by any breach of the covenant against encumbrances.

**4. Deeds § 19— violation of restrictive covenants — sale of house — sufficiency of complaint**

In this action in which plaintiff seeks to set forth a cause of action based upon defendant's allegedly having sold plaintiff a house which is located closer to the lot line than allowed by restrictive covenants upon the property, the complaint fails to state a cause of action based upon violation of the restrictive covenants, where there is no allegation as to any contract or agreement or representation on the part of defendant that restrictive covenants have not been violated.

APPEAL by plaintiff from *Hobgood, J.,* 12 August 1968 Session, WAKE Superior Court.

This is a civil action in which the plaintiff seeks to set forth a cause of action against the defendant for the defendant's allegedly having sold to the plaintiff a house and lot at the time the house was allegedly located on said lot in violation of the "lot line restrictions" of certain restrictive covenants upon the property.

The amended complaint filed by the plaintiff on 11 June 1968 reads as follows:

"The plaintiff, complaining of the defendant, says:

"1. The plaintiff is a resident of Wake County, North Carolina.

"2. The defendant is a North Carolina corporation, with its principal office and place of business in Fayetteville, Cumberland County, North Carolina.

"3. By deed dated the 15th day of June, 1967, the defendant, in consideration of Sixteen Thousand Seven Hundred Fifty ($16,750.00) Dollars to it paid, conveyed by deed in fee simple to the plaintiff that certain tract of land, on which a house was located, situated in Wake County, North Carolina, and more particularly described as follows:

BEING all of Lot 760, Block 13, Section 2, Rollingwood Subdivision, Part 1, according to map recorded in Book of Maps 1960, at page 236, Wake County Registry.

"4. Said deed, copy of which is attached hereto, marked Exhibit A, is incorporated herein as if fully set out.

"5. At the time of said conveyance, the property was subject to certain restrictive covenants recorded in Book 1411 at page 72, a copy of which is attached hereto, marked Exhibit B,

and incorporated herein as if fully set out, and to restrictive covenants recorded in (Book) 1420 at page 11, attached hereto, marked Exhibit C, and incorporated herein as if fully set out.

"6. The house on said property is located approximately 8.25 feet closer to an interior lot line than is permitted by the aforesaid restrictive covenants.

"7. The plaintiff is informed and believes that the defendant knew that the house on said lot was located approximately 8.25 feet closer to an interior lot line than is permitted by the aforesaid restrictive covenants at the time the defendant conveyed the property to the plaintiff.

"8. The plaintiff is informed and believes that the value of the property without said violation of the restrictive covenants as set out above would be Sixteen Thousand Seven Hundred and Fifty ($16,750.00) Dollars.

"9. The plaintiff is informed and believes that the value of the property with said violations of the restrictive covenants as set out above is Ten Thousand ($10,000.00) Dollars.

"WHEREFORE, the plaintiff prays:

"1. The defendant be required to return to the plaintiff the sum of Sixteen Thousand Seven Hundred and Fifty ($16,750.00) Dollars.

"2. The deed to the plaintiff by the defendant be cancelled and rescinded.

"Or, in the alternative, the plaintiff prays:

"1. That the plaintiff have and recover of the defendant the sum of Six Thousand Seven Hundred Fifty ($6,750.00) Dollars."

Defendant demurred *ore tenus* to the amended complaint for failure to state a cause of action and the demurrer was sustained. Plaintiff appealed.

*Hollowell & Ragsdale, by William L. Ragsdale, for plaintiff appellant.*

*Rose & Thorp, by Charles G. Rose, Jr., for defendant appellee.*

PARKER, J.

[1, 2]   A restrictive covenant creates a negative easement constituting an interest in land. 3 Strong, N.C. Index 2d, Deeds, § 19, p.

277. A restrictive covenant whereby the beneficial use of land by the owner is restricted is an encumbrance within the covenant against encumbrances. 7 Thompson on Real Property, 1962 Replacement, Covenants, Deeds, § 8133, p. 272. 20 Am. Jur. 2d, Covenants, Conditions and Restrictions, § 90, p. 653.

[3] From a reading of the first five paragraphs of the complaint, it would appear that plaintiff may have intended to allege a cause of action against the defendant for a breach of the covenant against encumbrances in the deed from defendant to plaintiff. However, there is no allegation in the complaint as to the covenant against encumbrances in the deed or any alleged breach thereof, nor is there any allegation that the restrictive covenants referred to in paragraph 5 imposed a burden rather than a benefit, or of the way plaintiff is damaged by any breach of the covenant against encumbrances. Thus the complaint fails to allege a cause of action for a breach of the covenant against encumbrances.

[4] Paragraphs 6, 7, 8 and 9 seem to undertake to allege a cause of action upon the grounds that the house which was on the property at the time of the conveyance from the defendant to plaintiff was located in violation of certain restrictive covenants which were applicable to the property. However, there is no allegation as to any contract or agreement or representation on the part of the defendant that restrictive covenants had not been violated, and therefore the complaint fails to state a cause of action based on the alleged violation of the restrictive covenant.

It is not clear what plaintiff intended by the allegations in paragraph 7 because what is said there seems to be irrelevant to the other allegations. There is no effort to allege fraud on the part of the defendant by reason of its alleged knowledge of the violation of the restrictive covenants.

If so advised, plaintiff may apply for leave to amend.

The judgment sustaining the demurrer is

    Affirmed.

MALLARD, C.J., and BRITT, J., concur.