PHILBIN INVESTMENTS, INC. v. ORB ENTERPRISES, LIMITED AND DOVE, LIMITED

No. 7728SC312

(Filed 21 March 1978)

1. **Appeal and Error § 42— jurisdiction challenged on appeal—defendants bound by stipulations in record**

    Defendants could not on appeal assert lack of jurisdiction over the person or insufficiency of service of process since the "Stipulations of Record on Appeal" specifically stated that the Buncombe County Superior Court had jurisdiction over all the parties and the subject matter and the action was properly before the court; moreover, service upon defendants was sufficient though the sheriff's return showed service upon "S. Thomas Walton," instead of "S. Thomas Walton, Registered Agent."

2. **Corporations § 26— articles of incorporation suspended—capacity to sue**

    Defendants' contention that plaintiff lacked capacity to sue because plaintiff's articles of incorporation had been suspended pursuant to N.C.G.S. 105-230 at the time suit was brought is without merit.

3. **Reformation of Instruments § 1.1— unilateral mistake—no reformation**

    Where there was no indication in the record that plaintiff expected less than a full warranty deed, and that was what one defendant delivered to it,

defendants' attempt to reform the deed by claiming mistake was ineffectual, since the mistake of only one party to an instrument, absent fraud, is not ground for relief by reformation.

**4. Deeds § 8— no consideration—validity of deed**

Defendants' contention that a warranty deed executed by one defendant to plaintiff was void because no consideration passed between the parties is without merit, since a deed in proper form is good and will convey the land described therein without any consideration, except as against creditors or innocent purchasers for value.

**5. Deeds § 24.2— action for breach of covenant against encumbrances—defense of knowledge and record notice**

Even a grantee's actual knowledge and record notice of the existence of an encumbrance do not constitute a defense to a grantee's action to recover damages for grantor's breach of a covenant against encumbrances.

APPEAL by defendants from *Martin, Judge*. Order entered 30 December 1976 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 6 February 1978.

On 4 September 1974, plaintiff filed a complaint alleging that on 10 May 1972, defendant Orb conveyed to plaintiff by full warranty deed a tract of land and that the warranties had been breached because at the time the warranty deed was delivered there was an outstanding deed of trust on the tract of land, which was foreclosed and the land in question sold. Defendants filed a motion to dismiss for lack of jurisdiction over the person of defendants, for insufficiency of service of process and for lack of capacity of plaintiff to sue. The trial court entered an order denying defendants' motion, and the judge refused to sign a notice of appeal tendered by defendants. Defendants answered the complaint, denying liability on several grounds including failure to state a claim, lack of capacity to sue on the part of the plaintiff, lack of a corporate seal on the warranty deed, lack of intention that the deed be considered a warranty deed, mutual mistake as to the warranties in the deed and lack of consideration for the deed. Both parties moved for summary judgment. The deposition of J. C. Duyck, president of plaintiff corporation, reveals that: on or about 10 May 1972, the corporation owned a motel in Asheville; at about that time, plaintiff entered into an agreement with Billy Bryant to sell the motel to Bryant with part of the purchase price

to be paid by the conveyance of five lots in Buncombe County; in connection with that transaction, plaintiff retained Attorney S. Thomas Walton (who represents defendants in this action); it was agreed that Walton would be paid with one of the five lots and that, in order to accomplish this, all five lots would be conveyed to Orb which would then convey to plaintiff four of the lots with the other lot remaining in the name of either Walton or Orb; Duyck's understanding throughout this transaction was that he was to receive a full warranty deed; no monetary consideration changed hands between plaintiff and defendant in this transaction; at a time subsequent to the sale of the motel and the conveyance of the five lots, plaintiff learned of the existence of a deed of trust on the property in question; this deed of trust was later foreclosed and the property sold. The court entered an order denying defendant Orb's motion for summary judgment and allowing plaintiff's motion for summary judgment against defendant Orb and ordering that the action be promptly calendared for trial on the issue of damages. Defendants appealed.

*Van Winkle, Buck, Wall, Starnes, Hyde & Davis, by Russell P. Brannon, for plaintiff appellee.*

*S. Thomas Walton, for defendant appellants.*

ERWIN, Judge.

[1] Defendants first assign as error the trial court's denial of their motion to dismiss, asserting lack of jurisdiction over the person, insufficiency of service of process, and incapacity of plaintiff to sue. We note at the outset that the "Stipulations of Record on Appeal" contain the following:

"1. That the Buncombe County Superior Court had jurisdiction over all parties to this action and the subject matter therein.

2. . . . that said action was properly before the Court."

Thus, defendants cannot now be heard to assert lack of jurisdiction over the person or insufficiency of service of process. In any event, the defect in service asserted by defendants is without merit. They contend that the sheriff's return, showing service on "S. Thomas Walton," instead of on "S. Thomas Walton, Registered Agent," renders service deficient. But the return fur-

ther shows that service was made at the very address to which the sheriff was directed to serve defendants through their registered agent. Defendants do not contend that Walton was not their registered agent. It is clear that the return here showed service on the defendants.

[2] In their contention that plaintiff lacked capacity to sue, defendants rely on the fact that plaintiff's articles of incorporation had been suspended pursuant to N.C. G.S. 105-230 at the time suit was brought. (The suspension occurred on 1 March 1973, and this suit was filed on 4 September 1974.) Defendants' contention has no merit; plaintiff had capacity to sue on 4 September 1974. Our reasoning, based on a reading of the cases and construction of the applicable statutes, is fully consistent with this Court's opinion in *Swimming Pool Co. v. Country Club*, 11 N.C. App. 715, 182 S.E. 2d 273 (1971), and need not be repeated here. *See also Parker v. Homes, Inc.*, 22 N.C. App. 297, 206 S.E. 2d 344 (1974); 3 N.C. Index 3d, Corporations § 26.

Defendants also assign error to the trial court's denial of defendant Orb Enterprises, Limited's motion for summary judgment. As we conclude that the trial court properly granted plaintiff's motion for summary judgment against defendant Orb, it follows that defendant Orb's motion was properly denied. Defendants admitted execution of a full warranty deed to plaintiff and that there was an outstanding deed of trust on the property. (While we note that the deed to plaintiff from defendant Orb does not show Orb's corporate seal, this defect is cured by N.C. G.S. 47-71.1, 1973 Session Laws, c. 479.)

[3] Defendants contend that an issue of fact exists as to whether or not it was the intent of the parties that Orb convey real property to plaintiff by warranty deed. Evidently, defendants' contention is based on mistake. However, there is no indication in the record that the plaintiff expected less than a full warranty deed, and that is what Orb delivered to it. In effect, defendants seek to reform the deed, but the mistake of only one party to an instrument, absent fraud, is not ground for relief by reformation. *Setzer v. Insurance Co.*, 257 N.C. 396, 126 S.E. 2d 135 (1962).

Further, this Court stated in *Parker v. Pittman*, 18 N.C. App. 500, 197 S.E. 2d 570 (1973) that:

"Even where appropriate grounds for reformation are asserted, '[w]hen a solemn document like a deed is revised by court of equity, the proof of mistake must be strong, cogent and convincing.' *Hege v. Sellers*, 241 N.C. 240, 84 S.E. 2d 892." 18 N.C. App. at 505, 197 S.E. 2d at 573.

[4] Defendants further assert that no consideration passed between plaintiff and defendant Orb, and therefore, the deed is "void." Assuming a lack of consideration, such is not the law; ". . . a deed in proper form is good and will convey the land described therein without any consideration, except as against creditors or innocent purchasers for value." *Smith v. Smith*, 249 N.C. 669 at 676, 107 S.E. 2d 530 at 535 (1959). This is a suit between the original grantor and original grantee, neither creditors nor innocent purchasers being involved.

[5] In their answer, the defendants admitted Orb's conveyance to plaintiff by full warranty deed the property in question and that, if the deed is a warranty deed, the covenants contained therein, or at least the covenant against encumbrances, was breached upon the delivery of the deed, in that there was an outstanding deed of trust on the property. The deed recites no exceptions as to any encumbrance not warranted against. As Professor Webster stated in Webster, Real Estate Law in North Carolina, § 190, p. 223: "The covenant against encumbrances is a covenant that there are no encumbrances outstanding against the premises at the time of the conveyance." Even the grantee's actual knowledge and record notice of the existence of an encumbrance do not constitute a defense to a grantee's action to recover damages for grantor's breach of the covenant against encumbrances. *Gerdes v. Shew*, 4 N.C. App. 144, 166 S.E. 2d 519 (1969). An issue in *Gerdes* related to whether or not the plaintiff was estopped to assert breach of the covenant against encumbrances where the provisions of the written sales contract provided that upon approval of title by purchaser's attorney, conveyance would be made by warranty deed and that if title were found defective, the owners would be notified and given opportunity to correct the defect, but plaintiff did not so notify the defendants. In ruling that the plaintiff was not so estopped, Judge Parker wrote for this Court:

"Acceptance of this argument would render completely meaningless all of the covenants in defendants' deed. If defendants did not mean to be bound by their covenants, they should not have included them in their deed. Execution and delivery of the deed containing full covenants established the extent of their obligations thereunder. It is presumed that the prior sales contract and all prior negotiations leading up to closing of the sale, insofar as they related to any matters covered by the covenants in defendants' deed, became merged in the deed itself." *Gerdes v. Shew, supra,* 4 N.C. App. at 150-151, 166 S.E. 2d at 524.

We conclude that there were no genuine issues as to any material fact regarding the liability of defendant Orb to plaintiff. We note that the trial court only granted summary judgment for plaintiff against Orb, and ordered that a trial be held as to the amount of damages, if any, to be recovered. This the trial court could do under Rule 56(c) and (d). This is a case where no defense was shown to exist, and summary judgment is therefore proper. *See Harrison Associates v. State Ports Authority,* 280 N.C. 251, 185 S.E. 2d 793 (1972), *petition for rehearing denied,* 281 N.C. 317 (1972); *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971).

Justice Huskins, speaking for the Supreme Court in *Caldwell v. Deese,* 288 N.C. 375, 218 S.E. 2d 379 (1975), stated in reference to Rule 56: "The rule is designed to permit penetration of an unfounded claim or defense in advance of trial and to allow summary disposition for either party when a fatal weakness in the claim or defense is exposed." 288 N.C. at 378, 218 S.E. 2d at 381.

The judgment appealed from is

Affirmed.

Judges VAUGHN and HEDRICK concur.