BRYAN R. WILCOX AND WIFE, LINDA P. WILCOX v. PIONEER HOMES, INC.

No. 7812DC667

(Filed 1 May 1979)

Deeds § 24— covenant against encumbrances—existing violation of city ordinance side lot requirement

    An existing violation of the minimum side lot requirement of a city ordinance constitutes an encumbrance within the meaning of the covenant against encumbrances in a warranty deed.

APPEAL by plaintiffs from *Guy, Judge.* Judgment entered 25 April 1978 in District Court, CUMBERLAND County. Heard in the Court of Appeals 4 April 1979.

In October 1976, plaintiffs brought this action to recover damages for breach of warranty against encumbrances contained in a warranty deed from defendant to plaintiffs.

The record tends to show that on 17 November 1974, the parties entered into a contract whereby the defendant agreed to construct a house on Lot I, Clifton Forge Subdivision in Hope Mills, and to convey the house and lot to plaintiffs for $52,000. Defendant agreed to convey a good and marketable title, free of all encumbrances. On 1 May 1975, defendant conveyed the house and lot to plaintiffs by warranty deed. In 1976, plaintiffs entered into a contract to sell the property and prior to closing the sale, the purchasers caused a survey of the property to be made. The survey revealed that the lot was narrower than the defendant had represented. The house was located 3.5 feet from the side line of the lot, in violation of a Hope Mills City ordinance which provided for a minimum side lot requirement of 15 feet. The house was also in violation of a restrictive covenant applicable to lots in the Clifton Forge Subdivision which provided that no structure

shall be located less than 7 feet from the side lines of the lot. The plaintiffs thereafter purchased a triangular strip of property adjacent to the lot for $1,500 in order to bring the house and lot into compliance with the ordinance and covenants, and deeded the strip of land to the purchasers of the house and lot.

Plaintiffs then brought this action to recover $1,500, alleging in the complaint that the defendant had breached the covenant against encumbrances contained in the warranty deed to plaintiffs. Both parties moved for summary judgment. On 25 April 1978, the court found that there was no genuine issue of material fact and entered summary judgment in favor of defendant. The court concluded as a matter of law that:

"1. A restriction upon the use which may be made of land, or upon its transfer, which is imposed by a statute or ordinance enacted pursuant to the police power, such as a zoning ordinance or an ordinance regulating the size of lots, fixing building lines or otherwise regulating a subdivision of an area into lots is not an encumbrance upon the land within the meaning of a covenant against encumbrances or a contract or option to convey the land free from encumbrances.

2. The existence of the ordinance and the failure of the defendant to comply with its provisions did not constitute an encumbrance such as to prevent it (defendants) from giving a deed that is both marketable and free from encumbrances."

*McGeachy, Altman & Ciccone, by J. Gary Ciccone for plaintiff appellants.*

*Coolidge, Anderson and Clarke, by H. Terry Hutchens for defendant appellee.*

CLARK, Judge.

The plaintiffs assign as error the court's granting of summary judgment in favor of defendant. Plaintiffs contend that a violation of a municipal ordinance regulating the use of real property at the time of sale constitutes an encumbrance on the land and a breach of the warranty against encumbrances.

An encumbrance, within the meaning of such a covenant, has been defined as "any burden or charge on the land and includes

any right existing in another whereby the use of the land by the owner is restricted." *Gerdes v. Shew,* 4 N.C. App. 144, 148, 166 S.E. 2d 519, 522 (1969). The general view is that the existence of a public restriction on the use of real property does not constitute an encumbrance within the meaning of the covenant against encumbrances. Annot., 39 A.L.R. 3d 362 (1971). This view was adopted in North Carolina in *Fritts v. Gerukos,* 273 N.C. 116, 159 S.E. 2d 536 (1968). In *Fritts,* the plaintiffs purchased an option on a tract of land containing 49 lots. The defendant agreed to deliver a deed with full covenants and warranty against encumbrances. At the time the parties entered into the option contract, an ordinance of the City of Gastonia prohibited the transfer or sale of land by reference to a subdivision plat without obtaining the city's approval of the plat. After exercising the option, plaintiffs advertised an auction sale of the 49 lots. The City of Gastonia enjoined the sale for failure of plaintiffs to obtain approval of the plat. Plaintiffs then brought suit for breach of warranty against encumbrances contending that the existence of the ordinance constituted an encumbrance. The North Carolina Supreme Court rejected plaintiffs' contention on the grounds that:

> "A restriction upon the use which may be made of land, or upon its transfer, which is imposed by a statute or ordinance enacted pursuant to the police power, such as a zoning ordinance or an ordinance regulating the size of lots, fixing building lines or otherwise regulating the subdivision of an area into lots, is not an encumbrance upon the land within the meaning of a covenant against encumbrances . . . being distinguishable in this respect from restrictions imposed by a covenant in a deed. (Citations omitted.) Thus, the *existence* of the Subdivision Standard Control Ordinance . . . at the time the option agreement was executed did not cause the title of the defendant to be subject to an encumbrance . . . ." (Emphasis added.) *Id.* at 119, 159 S.E. 2d at 539.

In the case *sub judice,* however, plaintiffs do not contend that the *existence* of the municipal ordinance constituted an encumbrance on the property, but contend that a violation of the ordinance, existing at the time of the conveyance to plaintiffs, constituted an encumbrance. There are no North Carolina cases which consider whether an existing violation of public restrictions on the use of real property constitutes an encumbrance. There is

a split of authority among the jurisdictions which have considered this question. Annot., 39 A.L.R. 3d 362 § 2 (1971). The majority of the jurisdictions have held that, although the existence of a public restriction on the use of real property is not an encumbrance rendering the title to the real property unmarketable, an existing violation of such an ordinance is an encumbrance within the meaning of a warranty against encumbrances. *Lohmeyer v. Bower*, 170 Kan. 442, 227 P. 2d 102 (1951), (minimum side lot violation); *Oatis v. Delcuze*, 226 La. 751, 77 So. 2d 28 (1954), (non-conforming building); *Moyer v. De Vincentis Construction Co.*, 107 Pa. Super. 588, 164 A. 111 (1933), (violation of set-back requirement). *See Hartman v. Rizzuto*, 123 Cal. App. 2d 186, 266 P. 2d 539 (1954), (violation of rear-yard requirement); *Miller v. Milwaukee, Odd Fellows Temple, Inc.*, 206 Wis. 547, 240 N.W. 193 (1932); *Genske v. Jensen*, 188 Wis. 17, 205 N.W. 548 (1925). Annot., 39 A.L.R. 3d 362 §§ 5-6 (1971).

We hold that the existing violation of the minimum side lot requirement as set forth in the ordinance of the City of Hope Mills, constitutes an encumbrance within the meaning of the covenant against encumbrances contained in the plaintiffs' warranty deed.

The summary judgment for defendant was improvidently entered. The judgment is reversed and the cause remanded for proceedings consistent with this opinion.

Reversed and remanded.

Chief Judge MORRIS and Judge ARNOLD concur.