WAR EAGLE, INC., PLAINTIFF v. WILLIAM G. BELAIR, AND WIFE, EMMA M. BELAIR, DEFENDANTS

No. COA09-1516

(Filed 15 June 2010)

**1. Appeal and Error— preservation of issues—failure to raise issue in complaint—not procedurally barred**

Plaintiff was not procedurally barred from pursuing its appeal even though it did not specifically raise the issue of the breach of the covenant against encumbrances in its complaint. Plaintiff's complaint referred to a general warranty deed, and plaintiff alleged defendants' conduct constituted breach of contract and/or breach of warranty deed.

**2. Environmental Law— existing buffer zone violation—actionable encumbrance—breach of contract**

The trial court erred in a breach of contract case by failing to recognize the existing buffer zone violation as an actionable encumbrance within the meaning of defendant's covenant against encumbrances.

**3. Environmental Law— riparian buffer zone—prior knowledge of violation does not defeat claim**

The trial court erred in a breach of contract case by granting summary judgment in favor of defendant grantors based on plaintiff grantee's prior knowledge of the violation of a riparian buffer zone on the pertinent property. A plaintiff's prior knowledge of an encumbrance does not defeat his claim to recover for breach of the covenant against encumbrances contained in a warranty deed. Although plaintiff was entitled to summary judgment on the issue of liability, the case was remanded to the trial court for a determination of the amount of damages.

Appeal by Plaintiff from order entered 3 June 2009 by Judge Yvonne Mims Evans in Superior Court, Catawba County. Heard in the Court of Appeals 27 April 2010.

*Morrow Alexander Porter & Whitley, PLLC, by John C. Vermitsky and John F. Morrow, for plaintiff-appellant.*

*Stacy L. Williams, for defendants-appellees.*

WYNN, Judge.

A plaintiff's prior knowledge of an encumbrance does not defeat his claim to recover for breach of the covenant against encumbrances contained in a warranty deed.[1] In the present case, the trial court ruled that Plaintiff-grantee could not recover from Defendants-grantors because it had prior knowledge of the violation of a riparian buffer zone on the property. We hold that the trial court erred in granting summary judgment to Defendant-grantors.

Defendants William and Emma Belair owned a waterfront lot on the Catawba County side of Lake Norman. Defendants began construction of a home, but did not proceed beyond building a foundation. In February 2007, Defendants received a letter from the North Carolina Department of Environment and Natural Resources through the Division of Water Quality stating that the house being constructed on the property appeared to be located ten feet into Zone 2 of the riparian buffer. The letter indicated that "[t]he Catawba Riparian Buffer Rule restricts development impacts within a 50-foot wide area beginning at the lake project elevation (in this case the 760 foot elevation of Lake Norman) and extending landward." The Division of Water Quality requested that Defendants respond in writing within 15 days, providing an explanation for the violation, and documentation as to when the lot was platted and recorded.

On 13 March 2007, Defendants listed the lot for sale with Exit Realty South for $350,000. On 10 May 2007, Defendants submitted a Variance Request Form asking for reconsideration of the 50-foot-setback limit to the Division of Water Quality. On 21 May 2007, Exit Realty received a fax regarding Defendants' lot from the realtor for Plaintiff, War Eagle, Inc. On the fax cover sheet was written "please read our concerns on the note—attached from the purchaser." The attachment, an email from Mike Hamby, the owner of War Eagle, Inc., · stated: "We are ready to make an offer. Here are our conclusions regarding this property. 1—The variance was not followed up for the structure being 3 feet over the designated allowed building area, which means it has NOT been allowed. . . ."

That same day, Plaintiff executed an Offer to Purchase and Contract—Vacant Lot/Land for a purchase price of $282,500. Defendants received a response on 4 June 2007 from the Division of Water Quality requesting additional information before the division

---

1. *Investments, Inc. v. Enterprises, Ltd.*, 35 N.C. App. 622, 626, 242 S.E.2d 176, 179, *disc. review denied*, 295 N.C. 90, 244 S.E.2d 260 (1978).

could proceed with its review of the Variance Request Form. The Division of Water Quality requested a response in writing within three weeks. The letter stated that a failure to respond would indicate that the variance request had been withdrawn.

Defendants signed the Offer to Purchase and Contract on 7 June 2007. According to Defendant William Belair, at the time the contract was signed, it was his belief that everyone who was a party to the transaction was aware of the violation of the riparian buffer rule, and that the buyer was aware the foundation would have to be removed to prevent the violation. At the closing on 14 June 2007, Defendants tendered to Plaintiff a General Warranty Deed containing the following language:

> The Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever, other than the following exceptions:
>
> Ad Valorem Taxes; Any Restrictions, Easements and Rights of Way of record.

The Deed was recorded in the Catawba County Registry on 26 June 2007.[2]

On 2 July 2008, the Division of Water Quality sent a letter to Defendants and Plaintiff noting a continuing violation of the riparian buffer; requesting additional information as to why the violation occurred; demanding that the removal of the foundation and existing walls and restoration of the buffer to its natural condition; and noting "additional impacts" that had been observed since the last inspection including removal of vegetation in Zone 1 of the buffer. The letter gave the parties until 29 August 2008 to correct the violation without incurring penalties.

On 4 September 2008, Defendants received a letter from Plaintiff's counsel requesting $15,510 "to cover the cost of demolishing the basement walls, haul away debris, fill and compact a hole, and the anticipated expense of planting five trees." On 18 September 2008, Plaintiff brought this action alleging breach of contract, fraud, and punitive damages. After discovery, on 8 October 2008, Plaintiff gave

---

2. Defendants do not argue that the violation of the riparian buffer zone was included in the exceptions listed in the deed.

notice of dismissal without prejudice on the claims of fraud and puni-
tive damages. On 1 December 2008, the trial court granted De-
fendants' request to have the suit transferred from Forsyth County to
Catawba County.

Thereafter, Plaintiffs and Defendant, respectively, filed Rule 56
Motions for Summary Judgment. On 3 June 2009, the trial court
issued an order ruling on the summary judgment motions, which
included findings of fact and conclusions of law. The trial court stated
its conclusions of law as follows:

1. The encumbrance in question is a zoning ordinance imposed
by the police power of the State of North Carolina and Catawba
County, and the North Carolina Supreme Court has found that a
[]restriction on use which may be made of land, or on its transfer,
which is imposed by statute or ordinance enacted pursuant to
police power, is not an "encumbrance" within [the meaning of a]
"covenant against encumbrances." Fritts v. Gerukos, 273 N.C.
116, 159 S.E.2d 536 (1968).

2. The failure of the defendants to either get the variance request
granted or to demolish the foundation prior to closing did not
preclude them from delivering marketable title to the plaintiff.

3. The undisputed email written by the plaintiff reveals that he
had knowledge of a violation and the variance request prior to
entering into an agreement to purchase the property.

4. The Court concludes after a review of the record that said
buffer zone violation was an encumbrance as defined by the
North Carolina Supreme Court that did not affect the defendant's
ability to convey marketable title to the plaintiff. Furthermore, it
was the type of encumbrance that the North Carolina Supreme
Court has ruled bars plaintiff of recovery, if plaintiff had notice of
the violation prior to the purchase of the property.

Accordingly, the trial court denied Plaintiff's Motion for Summary
Judgment and granted Defendants' Motion for Summary Judgment.

Preliminarily we comment on the trial court's entry of an or-
der containing detailed findings of fact and conclusions of law in a
case decided upon a summary judgment motion. See N.C. Gen. Stat.
§ 1A-1, Rule 56 (2009). The purpose of the entry of findings of fact by
a trial court is to resolve contested issues of fact. This is not appro-
priate when granting a motion for summary judgment, where the
basis of the judgment is "that there is no genuine issue as to any ma-

terial fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c); *see also Insurance Agency v. Leasing Corp*, 26 N.C. App. 138, 142, 215 S.E.2d 162, 164-65 (1975) ("If findings of fact are necessary to resolve an issue as to a material fact, summary judgment is improper. There is no necessity for findings of fact where facts are not at issue, and summary judgment presupposes that there are no triable issues of material fact."). By making findings of fact on summary judgment, the trial court demonstrates to the appellate courts a fundamental lack of understanding of the nature of summary judgment proceedings. We understand that a number of trial judges feel compelled to make findings of fact reciting those "uncontested facts" that form the basis of their decision. When this is done, any findings should clearly be denominated as "uncontested facts" and not as a resolution of contested facts. In the instant case, there was no statement that any of the findings were of "uncontested facts."

Turning now to Plaintiff's appeal, we address the following issues: (I) whether Plaintiff should be barred on procedural grounds from pursuing its appeal; (II) whether the trial court erred in failing to recognize the existing buffer zone violation as an actionable encumbrance within the meaning of Defendant's covenant against encumbrances; and (III) whether the trial court erred in concluding that Plaintiff's actual knowledge of the encumbrance defeats its claim of Defendants' breach of the covenant against encumbrances.

I.

[1] Defendants initially contend that this Court should dismiss Plaintiff's appeal as procedurally barred. Defendants cite *Goodrow v. Martin, Inc.*, 6 N.C. App. 599, 170 S.E.2d 506 (1969), for the proposition that a plaintiff cannot proceed on a cause of action for breach of the covenant against encumbrances unless the complaint alleges such a breach. Here, Plaintiff did not specifically raise the issue in its complaint of the breach of the covenant against encumbrances. Defendants contend that Plaintiff should therefore be precluded from raising the issue of breach of that covenant on appeal.

In *Goodrow*, this Court held that a plaintiff's complaint was insufficient where it lacked any allegation "as to the covenant against encumbrances in the deed or any alleged breach thereof." *Id.* at 602, 170 S.E.2d at 507. In the present case, however, Plaintiff's complaint refers to a General Warranty Deed. By definition, a warranty deed contains covenants concerning the quality of the title it conveys. *See* Black's Law Dictionary 1589 (6th ed. 1990). Moreover, Plaintiff here

WAR EAGLE, INC. v. BELAIR

[204 N.C. App. 548 (2010)]

alleged that the conduct of Defendants constituted breach of contract and/or breach of warranty deed. These factors distinguish this case from *Goodrow*.

Defendants also rely on *Baker v. Rushing*, 104 N.C. App. 240, 246, 409 S.E.2d 108, 111 (1991), and *Gilbert v. Thomas*, 64 N.C. App. 582, 585, 307 S.E.2d 853, 855-56 (1983), for the principle that a movant is not permitted to raise new issues in support of a motion for summary judgment on appeal. Defendants argue that Plaintiff did not present its breach of the covenant against encumbrances claim below. There is no merit to this argument. Plaintiff argued at the 18 May 2009 hearing that Defendants had breached the covenant against encumbrances contained in their warranty deed. The trial court in its order granting Defendants summary judgment ruled that the riparian buffer violation was not an actionable encumbrance. Because Plaintiff properly raises the issue of the accuracy of that ruling on appeal, we address the merits of Plaintiff's appeal.

II.

**[2]** We next address the issue of whether the trial court's order of summary judgment failed to recognize the existing buffer zone violation as an actionable encumbrance within the meaning of Defendant's covenant against encumbrances.

In its conclusions supporting summary judgment,[3] the trial court cited *Fritts v. Gerukos*, 273 N.C. 116, 159 S.E.2d 536 (1968), wherein our Supreme Court explained that an ordinance such as the riparian buffer zone at issue here does not itself constitute an encumbrance within the meaning of a covenant against encumbrances:

A restriction upon the use which may be made of land, or upon its transfer, which is imposed by a statute or ordinance enacted pursuant to the police power, such as a zoning ordinance or an ordinance regulating the size of lots, fixing building lines or otherwise regulating the subdivision of an area into lots, is not an encumbrance upon the land within the meaning of a covenant against encumbrances or a contract or option to convey the land free from encumbrances, being distinguishable in this respect from restrictions imposed by a covenant in a deed.

*Id.* at 119, 159 S.E.2d at 539.

---

3. A party is entitled to summary judgment when there is no genuine issue of material fact and that party is entitled to a judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (2009). We review the denial or grant of a motion for summary judgment *de novo*. *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007).

Following *Fritts*, this Court in *Wilcox v. Pioneer Homes, Inc.*, 41 N.C. App. 140, 254 S.E.2d 214 (1979), drew a valuable distinction between an encumbrance action brought on the basis of the ordinance itself and an encumbrance action brought on the basis of an existing violation of the ordinance. Noting a split of authority among the jurisdictions that have considered the issue, this Court stated:

> The majority of the jurisdictions have held that, although the existence of a public restriction on the use of real property is not an encumbrance rendering the title to the real property unmarketable, an existing violation of such an ordinance is an encumbrance within the meaning of a warranty against encumbrances.

*Id.* at 143, 254 S.E.2d at 215. The *Wilcox* Court held that the violation of the ordinance "constitute[d] an encumbrance within the meaning of the covenant against encumbrances contained in the plaintiffs' warranty deed." *Id.* at 143, 254 S.E.2d at 216.

In the present case, the trial court ruled correctly, on the basis of *Fritts*, that the ordinance itself did not constitute an encumbrance. However, Plaintiff's encumbrance action was based on the existing violation of the ordinance, which under *Wilcox* did constitute an encumbrance. *See id.* Thus, the trial court's conclusion that the "buffer zone violation was an encumbrance . . . that did not affect the defendants' ability to convey marketable title to the plaintiff" is a *non sequitur*. Following *Wilcox*, we hold that the existing buffer zone violation constituted an actionable encumbrance within the meaning of Defendants' covenant against encumbrances.

III.

[3] Finally, we address the dispositive issue of whether the trial court erred in concluding that Plaintiff's actual knowledge of the encumbrance defeats its claim of Defendants' breach of the covenant against encumbrances. For the reasons given in *Investments, Inc. v. Enterprises, Ltd.*, 35 N.C. App. 622, 242 S.E.2d 176, we hold that the trial court erred by granting summary judgment in favor of Defendants.

In their brief, Defendants argue that Plaintiff's prior knowledge of the encumbrance should nevertheless defeat its claim. Defendants rely on *Waters v. Phosphate Corp.*, 310 N.C. 438, 440, 312 S.E.2d 428, 431 (1984), for the rule that visible burdens on the land are generally not covered by a covenant against encumbrances. Defendants

point out that the foundation of the unfinished house was visible, open, and obvious.

Defendants fail to realize that the rule discussed in *Waters* applies only to public easements, not to ordinances such as the riparian buffer at issue here. *Id.* at 441, 312 S.E.2d at 431; *see also Hawks v. Brindle*, 51 N.C. App. 19, 24, 275 S.E.2d 277, 281 (1981). The visible burden rule, moreover, applies only to visible burdens on the land. There is no evidence in the record that the violation here could be seen through an inspection of the property.

Instead, this issue was resolved by this Court in *Investments, Inc. v. Enterprises, Ltd.* In that case, we held that "[e]ven the grantee's actual knowledge and record notice of the existence of an encumbrance do not constitute a defense to a grantee's action to recover damages for grantor's breach of the covenant against encumbrances." *Investments, Inc.*, 35 N.C. App. at 626, 242 S.E.2d at 179. We there explained our reasoning thus:

> Acceptance of this argument would render completely meaningless all of the covenants in defendants' deed. If defendants did not mean to be bound by their covenants, they should not have included them in their deed. Execution and delivery of the deed containing full covenants established the extent of their obligations thereunder.

*Id.* at 627, 242 S.E.2d at 179. (citing *Gerdes v. Shew*, 4 N.C. App. 144, 150-51, 166 S.E.2d 519, 524 (1969)).

The trial court here ruled that the buffer zone violation was "the type of encumbrance that the North Carolina Supreme Court has ruled bars plaintiff of recovery, if plaintiff had notice of the violation prior to the purchase of the property." This conclusion is not consistent with our holding in *Investments, Inc.* We therefore hold that the trial court erred in concluding that Plaintiff's prior knowledge of the encumbrance defeats its claim.

In conclusion, we note that Plaintiff asks us not merely to reverse the grant of summary judgment for Defendants but also to instruct the trial court to grant summary judgment to Plaintiff. Based on the analysis above, we hold that Plaintiff is entitled to summary judgment on the issue of liability. But the record before us is not sufficient to determine what amount Plaintiff is entitled to by way of damages. We therefore remand for trial on the issue of Plaintiff's damages.

IN RE S.N.W.

[204 N.C. App. 556 (2010)]

Reversed and Remanded.

Judge CALABRIA and STEELMAN concur.