JON T. TERRELL, PLAINTIFF v. HARRIET A. KAPLAN, INDIVIDUALLY, AND HARRIET A. KAPLAN, AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF STANLEY KAPLAN, DECEASED, DEFENDANT

No. COA04-993

(Filed 7 June 2005)

**Statute of Frauds— breach of contract—personal guarantee of promissory note—main purpose rule**

The trial court erred by granting defendant's Rule 12(b)(6) motion to dismiss a breach of contract claim based on defendant's personal guarantee of a promissory note, because: (1) the allegations plead a direct, personal, and immediate pecuniary interest on the part of defendant so as to remove her promise to pay from the statute of frauds pursuant to the main purpose rule; and (2) it does not appear to a certainty that plaintiff is entitled to no relief under any statement of facts which could be proved in support of the claim. N.C.G.S. § 22-1.

Appeal by Plaintiff from order entered 14 June 2004 by Judge Beverly T. Beal in Superior Court, Mecklenburg County. Heard in the Court of Appeals 19 April 2005.

*Katten Muchin Zavis Rosenman, by Richard L. Farley and Christopher A. Hicks, for plaintiff-appellant.*

*Tin Fulton Greene & Owen, by Shirley L. Fulton and Bartina L. Edwards, for defendant-appellee.*

WYNN, Judge.

In deciding a motion to dismiss for failure to state a claim, a court must look to whether the pleadings, when taken as true, are legally sufficient to satisfy the elements of at least some legally recognized claim. *Arroyo v. Scottie's Prof'l Window Cleaning, Inc.*, 120 N.C. App. 154, 158, 461 S.E.2d 13, 16 (1995), *disc. review improvidently allowed*, 343 N.C. 118, 468 S.E.2d 58 (1996). Here, Plaintiff Jon T. Terrell contends that the trial court erred in dismissing his complaint because, pursuant to the main purpose rule, Defendant Harriet A. Kaplan's promise to guarantee a promissory note is not within the statute of frauds. Mr. Terrell therefore argues that the trial court erred in granting Ms. Kaplan's motion to dismiss. We agree with Mr. Terrell, find that his complaint states a claim upon which relief may be granted, and therefore reverse the trial court's order and remand this case.

On 23 December 2003, Mr. Terrell filed a complaint against Ms. Kaplan. The complaint alleged that Stanley and Harriet Kaplan, whom Mr. Terrell has known for over thirty years, owned the Charlotte newspaper "The Leader" and that, in Spring 2000, Mr. Kaplan asked Mr. Terrell to loan $300,000 to The Leader. Mr. Kaplan promised that "repayment of the debt would be guaranteed by The Leader, Stan, and Harriet." Mr. Terrell agreed to loan the money to The Leader, and The Leader executed a promissory note in favor of Mr. Terrell in the amount of $300,000. Mr. Kaplan also executed a guarantee agreement, personally guaranteeing the payment of the promissory note. Ms. Kaplan did not execute a personal guarantee at that time.

The complaint stated that, in Fall 2001, Mr. Kaplan informed Mr. Terrell that he was dying and requested an extension of the payment period on the promissory note. Mr. Kaplan represented to Mr. Terrell that the note would be secured by personal guarantees executed by himself and Ms. Kaplan. Ms. Kaplan's attorney drew up a modification to the promissory note. The modification included statements that "Harriet A. Kaplan has agreed to become a guarantor of the Note[,]" and that the modification was made "in consideration of Harriet A. Kaplan's guaranty." The modification was executed by both Ms. Kaplan, as president of The Leader, and Mr. Terrell. Ms. Kaplan also had a personal guaranty agreement drawn up but never delivered the executed personal guaranty agreement to Mr. Terrell.

Mr. Kaplan died in December 2001, and Ms. Kaplan was duly appointed as personal representative of Mr. Kaplan's estate. The com-

plaint alleged that as the president and "sole remaining shareholder of The Leader" and "the personal representative and primary beneficiary" of Mr. Kaplan's estate, Ms. Kaplan "had a direct pecuniary interest in the estate and a direct pecuniary interest in the survival of The Leader."

The complaint further alleged that, in April 2002, as personal representative of Mr. Kaplan's estate, Ms. Kaplan published a notice of administration in a local newspaper but did not provide notice to Mr. Terrell, a resident of Santa Barbara, California and a known creditor of the estate. In August 2002, The Leader defaulted on the promissory note and modification by filing a bankruptcy petition. Mr. Terrell contacted Ms. Kaplan, as executrix of Mr. Kaplan's estate and as personal guarantor of the promissory note and modification, and demanded payment; Ms. Kaplan refused and failed to pay.

Ms. Kaplan, individually, filed a motion to dismiss the complaint pursuant to North Carolina Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief could be granted. She also filed an answer on behalf of Mr. Kaplan's estate. Mr. Terrell filed a motion for judgment on the pleadings against Ms. Kaplan, as representative of Mr. Kaplan's estate; the motion was granted on 4 May 2004. However, on 14 June 2004, the trial court granted Ms. Kaplan's motion to dismiss Mr. Terrell's breach of contract claim against her individually; Mr. Terrell appealed.

---

In reviewing the grant of a motion to dismiss for failure to state a claim upon which relief can be granted, we look to whether:

> the pleadings, when taken as true, are legally sufficient to satisfy the elements of at least some legally recognized claim. *Harris v. NCNB*, 85 N.C. App. 669, 355 S.E.2d 838 (1987). In ruling upon a Rule 12(b)(6) motion, the trial court should liberally construe the complaint and should not dismiss the action unless it appears to a certainty that plaintiff is entitled to no relief under any statement of facts which could be proved in support of the claim. *Davis v. Messer*, 119 N.C. App. 44, 457 S.E.2d 902 (1995).

*Arroyo*, 120 N.C. App. at 158, 461 S.E.2d at 16. "This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd*, 357 N.C. 567, 597 S.E.2d 673 (2003).

Here, Mr. Terrell contends that the trial court erred in granting Ms. Kaplan's motion to dismiss, that the complaint states a claim upon which relief can be granted because, *inter alia*, Ms. Kaplan guaranteed repayment for entities in which she has a direct pecuniary interest. We agree.

As stated in North Carolina General Statutes section 22-1,

> No action shall be brought whereby to charge an executor, administrator or collector upon a special promise to answer damages out of his own estate or to charge any defendant upon a special promise to answer the debt, default or miscarriage of another person, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party charged therewith or some other person thereunto by him lawfully authorized.

N.C. Gen. Stat. § 22-1 (2004). However, "if it is concluded that the promisor has the requisite personal, immediate, and pecuniary interest in the transaction in which a third party is the primary obligor, then the promise is said to be original rather than collateral and therefore need not be in writing to be binding." *Burlington Indus., Inc. v. Foil*, 284 N.C. 740, 748, 202 S.E.2d 591, 597 (1981) (citation omitted); *see also, e.g., Stuart Studio, Inc. v. Nat'l School of Heavy Equip., Inc.*, 25 N.C. App. 544, 546, 214 S.E.2d 192, 193 (1975) (Where "the main purpose and object of the promisor is not to answer for another, but to subserve some pecuniary or business purpose of his own, . . . his promise is not within the statute [of frauds] . . . ." (quotation omitted)).

The main purpose rule has been applied to individuals guaranteeing the debt of corporations of which the guarantors were majority stockholders. For example, in *Stuart Studio*, 25 N.C. App. at 547-48, 214 S.E.2d at 194, the individual defendant orally guaranteed the corporate defendant's debt for catalogues to be produced by the plaintiff. The corporate defendant, however, was experiencing financial difficulties and filed for bankruptcy. Because the individual defendant was the sole shareholder of the corporate defendant's voting stock and owned forty-nine percent of another class of stock, this Court found that the individual defendant had a personal and direct interest in the corporate defendant sufficient to raise an issue for jury determination. And in *Bassett Furniture Indus. of N.C., Inc. v. Griggs*, 47 N.C. App. 104, 108-09, 266 S.E.2d 702, 705 (1980), the

defendant orally guaranteed the repayment of credit extended by the plaintiff to a corporation of which the defendant was an officer and the managing director and in which defendant owned half the company stock. This Court held that, given the evidence of the defendant's direct, personal, and immediate interest, summary judgment for the defendant was inappropriate. *Id.*

In the case *sub judice*, Mr. Terrell alleged that Ms. Kaplan was the president and sole shareholder of The Leader. The complaint alleged that Ms. Kaplan held these positions at a time when she represented that she would sign the personal guarantee agreement, and at the time she executed the note modification stating that "Harriet A. Kaplan has agreed to become a guarantor of the Note[]" and the modification was made "in consideration of Harriet A. Kaplan's guaranty." Moreover, Mr. Terrell alleged that The Leader was in financial distress and filed for bankruptcy shortly after Ms. Kaplan's promises, and that Ms. Kaplan is the primary beneficiary of the estate of Mr. Kaplan, who signed a personal guarantee of the original promissory note. These allegations, which on a motion to dismiss we must presume true, plead such direct, personal, and immediate pecuniary interest on the part of Ms. Kaplan so as to remove Ms. Kaplan's promise to pay from the statute of frauds. We therefore hold that it does not "appear[] to a certainty that plaintiff is entitled to no relief under any statement of facts which could be proved in support of the claim." *Arroyo*, 120 N.C. App. at 158, 461 S.E.2d at 16 (citation omitted). The trial court therefore erred in granting Ms. Kaplan's motion to dismiss Mr. Terrell's breach of contract claim based on Ms. Kaplan's personal guarantee of the promissory note. Accordingly, we reverse the trial court's order and remand this case for further proceedings.

Reversed and Remanded.

Judges BRYANT and JACKSON concur.