ATLANTIC COAST MECH., INC. v. ARCADIS, GERAGHTY & MILLER OF N.C., INC.

[175 N.C. App. 339 (2006)]

ATLANTIC COAST MECHANICAL, INC., AND ATLANTIC COAST MECHANICAL, INC., BY AND ON BEHALF OF VIA ELECTRIC CO., PLAINTIFF v. ARCADIS, GERAGHTY & MILLER OF NORTH CAROLINA, INC., A PROFESSIONAL CORPORATION, GREGORY POOLE EQUIPMENT COMPANY D/B/A GREGORY POOLE POWER SYSTEMS AND CATERPILLAR, INC., DEFENDANTS

No. COA04-1533

(Filed 3 January 2006)

**1. Appeal and Error— withdrawn appeal—permissive appeal—not law of the case**

A dismissal from which an appeal was taken and withdrawn did not become the law of the case where the appeal was interlocutory and permissive rather than mandatory.

**2. Assignments— claims arising from contract—not champerty**

The trial court erred by dismissing assigned claims for breach of express warranty and breach of implied warranties of merchantability and fitness for a particular purpose arising from malfunctioning emergency generators as champerty where the claims arose from a contract of sale and were assignable.

**3. Appeal and Error— cross-assignments of error—not required when no findings required from trial court**

There is an exception to the requirement of cross-assignments of error where the trial court is not required to make findings of fact in its order, such as the entry of summary judgment or an order granting a motion to dismiss. The Court of Appeals will not limit the scope of its review merely because the trial court specified the grounds for its decision.

**4. Warranties— implied—economic loss—privity required**

Privity is required in an action for breach of implied warranties that seeks recovery for economic loss (the requirement has been eliminated by statute for actions against manufacturers for personal injury or property damage). There is only economic loss when a part of a system injures the rest of the system, as with the generator failure here, and the trial court did not err by dismissing assigned claims for breach of implied warranties for lack of privity.

ATLANTIC COAST MECH., INC. v. ARCADIS, GERAGHTY & MILLER OF N.C., INC.

[175 N.C. App. 339 (2006)]

**5. Assignments— champerty—tort claims arising from contract**

The trial court did not err by dismissing as champertous claims arising from a generator malfunction at a water treatment plant where the claims had been assigned. A breach of contract can give rise to a tort claim.

**6. Contracts— malfunctioning equipment—not a breach of contract**

The trial court did not err by granting summary judgment for defendant Poole on a breach of contract claim arising from malfunctioning generators supplied by Poole to a water treatment plant.

Appeal by plaintiff from judgments entered 2 May 2003 and 20 August 2004 by Judge Howard E. Manning, Jr., and judgment entered 22 March 2004 by Judge Robert H. Hobgood in Wake County Superior Court. Heard in the Court of Appeals 18 August 2005.

*Safran Law Offices, by Perry R. Safran, Brian J. Schoolman, and Carrie V. Barbee, for plaintiff-appellants.*

*Ragsdale Liggett, PLLC, by Gregory W. Brown, for defendant-appellee Gregory Poole.*

*Millberg, Gordon & Stewart, PLLC, by John C. Millberg and Douglas J. Brocker, for defendant-appellee Carterpillar, Inc.*

STEELMAN, Judge.

Plaintiff, Atlantic Coast Mechanical, Inc. (ACM), appeals the trial court's dismissal of several of its claims against defendant Gregory Poole Equipment Company (Poole) and dismissing all of its claims against defendant Caterpillar, Inc. (Caterpillar). ACM also appeals the trial court's entry of summary judgment in favor of Poole on its remaining claim for breach of contract. For the reasons stated herein, we affirm in part and reverse in part.

## Factual and Procedural Background

ACM was the general contractor responsible for the additions and renovations to the South Cary Wastewater Treatment Plant. ACM hired Via Electric Company (Via) to serve as the electrical subcontractor for the project. The project required that two generator sets be installed to provide emergency power in the event of a power outage. In July 1997, Via purchased two Caterpillar generators from

ATLANTIC COAST MECH., INC. v. ARCADIS, GERAGHTY & MILLER OF N.C., INC.

[175 N.C. App. 339 (2006)]

Poole, a distributor for Caterpillar. The generators were installed in May 1998. On 16 September 1999, one of the generators malfunctioned, causing the generator to send excessive voltage through the system, and damaging electronic equipment at the plant. As a result of the damage to the plant's equipment, the Town of Cary back-charged ACM $68,537.97 for the damages, who in turn back-charged that amount to Via. In a separate suit, the Town of Cary, ACM, and Via settled their various claims regarding the project, including the damages to the electronic equipment. The Town of Cary is not a party to this suit.

On 6 February 2001, Via filed this action against ACM and other defendants. ACM filed an answer, counterclaim, and third party complaint against Acardis, Geraghty & Miller of North Carolina (Arcadis). ACM settled its claims against Arcadis. Poole and Caterpillar were not originally parties to this suit, but were defendants in a prior suit filed by Via arising out of the same series of events. As part of a settlement agreement between Via and ACM, Via assigned its claims against Caterpillar and Poole to ACM.

ACM subsequently amended its third party complaint to become the plaintiff in this action and added Caterpillar and Poole as defendants based upon Via's assignment of claims. ACM's complaint stated claims against Caterpillar for breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and negligence. The complaint also stated claims against Poole for breach of contract, breach of express warranty, breach of implied warranty of merchantability and fitness for a particular purpose, and negligence. On 11 October 2002, Caterpillar filed a motion to dismiss ACM's claims. Poole filed a similar motion on 14 October 2002. Judge Manning heard the motions and dismissed all of ACM's claims against Caterpillar and dismissed all but ACM's breach of contract claim against Poole. ACM filed a notice of appeal from the dismissal order as to defendant Caterpillar on 2 June 2003, but later withdrew that appeal. A year later, Judge Manning entered an order of final judgment, concluding that his earlier order dismissing the case as to Caterpillar became a final judgment and the law of the case as a result of ACM's appeal of the earlier order and subsequent withdrawal of that appeal.

On 26 March 2004, Poole moved for summary judgment on the remaining breach of contract claim. Judge Hobgood granted Poole's motion for summary judgment, dismissing ACM's claim for breach of contract. Plaintiff appeals.

ATLANTIC COAST MECH., INC. v. ARCADIS, GERAGHTY & MILLER OF N.C., INC.

[175 N.C. App. 339 (2006)]

## Law of the Case

**[1]** Plaintiff contends the trial court erred in holding the withdrawal of its appeal from the order dismissing its claims against Carterpillar became a final judgment and the law of the case. We agree.

The order of dismissal in this case did not adjudicate all the claims, as one claim was left to be litigated against defendant Poole. Therefore, it was interlocutory and generally not appealable. *Sharpe v. Worland*, 351 N.C. 159, 161, 522 S.E.2d 577, 578 (1999). The order did, however, dismiss all claims against Caterpillar. This Court has held that an order dismissing all claims against one defendant, although interlocutory, is subject to immediate appeal because it affects a substantial right. *Prince v. Wright*, 141 N.C. App. 262, 265, 541 S.E.2d 191, 195 (2000). The language regarding interlocutory appeals affecting a substantial right under N.C. Gen. Stat. § 1-277 is "permissive not mandatory." *DOT v. Rowe*, 351 N.C. 172, 176, 521 S.E.2d 707, 710 (1999). "Thus, where a party is entitled to an interlocutory appeal based on a substantial right, that party may appeal but is not required to do so." *Id.*

Plaintiff did not waive its right to appeal after the entry of final judgment by foregoing an interlocutory appeal since the appeal was permissive rather than mandatory. *Accord id.* We hold that plaintiff was not required to immediately appeal the trial court's order dismissing its claims against defendant Caterpillar. As a result, the trial court erred in holding the dismissal order became the law of the case. The dismissal order is subject to review by this Court.

## Assignability of Claims

**[2]** In plaintiff's first argument, it contends the trial court erred in dismissing its claims against Poole and Caterpillar under the doctrine of champerty. We agree in part and disagree in part.

Plaintiff's amended complaint asserted the following claims against Poole and Caterpillar: (1) breach of the implied warranty of merchantability; (2) breach of the implied warranty of fitness for a particular purpose; and (3) negligence. Plaintiff also asserted claims against Poole for breach of express warranty and breach of contract. The 2 May 2003 order dismissed plaintiff's claims against Poole and Caterpillar for breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and negligence, as all being personal tort claims.

ATLANTIC COAST MECH., INC. v. ARCADIS, GERAGHTY & MILLER OF N.C., INC.

[175 N.C. App. 339 (2006)]

The order further dismissed plaintiff's breach of contract claim against Poole to the extent it sounded in tort.

It is well-established in this state that personal tort claims are not assignable because such assignments would be void against public policy because they promote champerty. *Charlotte-Mecklenburg Hosp. Auth. v. Georgia Ins. Co.*, 340 N.C. 88, 91, 455 S.E.2d 655, 657 (1995); *Horton v. New South Ins. Co.*, 122 N.C. App. 265, 268, 468 S.E.2d 856, 858 (1996). However, an action arising out of contract may be assigned. *Id*; N.C. Gen. Stat. § 1-57 (2005). We must now determine whether the claims plaintiff asserted against Poole and Caterpillar were contract or tort claims.

## A. Breach of Express Warranty

An express warranty is an element in a sale contract and is contractual in nature. *Perfecting Service Co. v. Product Development & Sales Co.*, 261 N.C. 660, 668, 136 S.E.2d 56, 62 (1964). A seller's liability for breach of an express warranty does not depend upon proof of his negligence, but arises out of the contract. *Veach v. Bacon Am. Corp.*, 266 N.C. 542, 550, 146 S.E.2d 793, 799 (1966). Plaintiff's claim for breach of express warranty, as assigned by Via, stems directly from Via's contractual agreement with Poole. As such, the assignment of this claim was not against public policy and was assignable. The trial court erred in dismissing plaintiff's claim for breach of express warranty against defendant Poole.

## B Implied Warranties of Merchantability and Fitness for a Particular Purpose

This Court has recognized that a "breach of warranty is an offspring of mixed parentage, aspects of it sounding in both tort and contract." *Reid v. Eckerd Drugs, Inc.*, 40 N.C. App. 476, 480 (1979). Nevertheless, "[a] warranty is an element in a contract of sale and, whether express or implied, is contractual in nature." *Perfecting Service Co.*, 261 N.C. at 668, 136 S.E.2d at 62. Generally, "the only classes of choses in action which are not assignable are those for torts for personal injuries and for wrongs done to the person, the reputation, or the feelings of the injured party, and those for breach of contracts of a purely personal nature, such as promises of marriage." Francis M. Dougherty, Annotation, *Assignability of Claim for Legal Malpractice*, 40 A.L.R. FED. 684 (1985). *See also Kirby Forest Industries, Inc. v. Dobbs*, 743 S.W.2d 348, 354 (Tex. App. 1987) (holding causes of action for breach of implied warranties were

ATLANTIC COAST MECH., INC. v. ARCADIS, GERAGHTY & MILLER OF N.C., INC.

[175 N.C. App. 339 (2006)]

assignable since they arose out of contract). Here, the cause of action for breach of implied warranties arose from the contract of sale. Further, under modern law, assignability is the general rule and nonassignability is the exception. *Investors Title Ins. Co. v. Herzig*, 330 N.C. 681, 688, 413 S.E.2d 268, 271 (1992) (citing 2 N.C. Index 4th *Assignments* § 2 (1990)).

Applying the foregoing principles, we hold that the causes of action for breach of the implied warranties of merchantability and fitness for a particular purpose are assignable. The trial court erred in dismissing plaintiff's causes of action against defendants Poole and Caterpillar.

[3] Defendant Caterpillar argues, in the alternative, that even if the claims were assignable, the dismissal order should be upheld on alternate grounds. Caterpillar contends this Court should uphold the dismissal order because it was not in privity with ACM or Via, and privity is still required in an action for breach of implied warranties where the plaintiff seeks damages for economic loss.

Even though the trial court did not cite the correct basis for the judgment entered and Caterpillar did not cross-assign as error alternate grounds to support the order, we will not disturb a judgment where the correct result has been reached. In *Cieszko v. Clark*, this Court held that the appellee was not required to cross-assign as error alternate grounds to support the trial court's order of summary judgment under Rule 10(d) of our Rules of Appellate Procedure. 92 N.C. App. 290, 293, 374 S.E.2d 456, 458-59 (1988). This Court reasoned that in the context of summary judgment "[i]t would be incongruous to require an appellee to list cross-assignments of error when the appellant is not required to list assignments of error." *Id.* at 293, 374 S.E.2d at 459. The appellee was free to argue on appeal any ground to support the trial court's grant of summary judgment regardless of the fact the trial court specified the grounds for its summary judgment decision. *See also Shore v. Brown*, 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989); *Save Our Schools of Bladen County, Inc. v. Bladen County Bd. of Ed.*, 140 N.C. App. 233, 237, 535 S.E.2d 906, 910 (2000).

The same rationale applies regarding our review of an order granting a motion to dismiss. Upon appellate review, we review both a motion to dismiss and summary judgment *de novo. Stafford v. County of Bladen,* 163 N.C. App. 149, 151, 592 S.E.2d 711, 713, *disc. review denied,* 358 N.C. 545, 599 S.E.2d 409 (2004); *Lea v. Grier,* 156 N.C. App. 503, 507, 577 S.E.2d 411, 414 (2003). Both require the review

ATLANTIC COAST MECH., INC. v. ARCADIS, GERAGHTY & MILLER OF N.C., INC.

[175 N.C. App. 339 (2006)]

of a specific portion of the record. *See Bladen*, 140 N.C. App. at 237, 535 S.E.2d at 910 (noting appellate court must consider the whole record when reviewing the grant of summary judgment); *Wood v. BD&A Constr., L.L.C.*, 166 N.C. App. 216, 218, 601 S.E.2d 311, 313 (2004) (review limited to the complaint). In addition, the scope of review for both is limited to a specific inquiry. Summary judgment involves two questions: (1) whether there is a genuine issue of material fact, and (2) whether the moving party is entitled to judgment as a matter of law. *Cieszko*, at 293, 374 S.E.2d at 459. Similarly, when reviewing the grant of a motion to dismiss "we look to whether 'the pleadings, when taken as true, are legally sufficient to satisfy the elements of at least some legally recognized claim.' " *Terrell v. Kaplan*, 170 N.C. App. 667, 669, 613 S.E.2d 526, 528 (2005) (citations omitted). Most importantly, just as with motions for summary judgment, "[t]he trial court is not required to make findings of fact when ruling on a motion to dismiss." *Jaeger v. Applied Analytical Indus. Deutschland GMBH*, 159 N.C. App. 167, 170, 582 S.E.2d 640, 644 (2003). *See also Ellis v. Williams*, 319 N.C. 413, 415, 355 S.E.2d 479, 481 (1987) (noting "the enumeration of findings of fact and conclusions of law is technically unnecessary and generally inadvisable in summary judgment cases"); *Cieszko*, 92 N.C. App. at 293, 374 S.E.2d at 459 ("trial courts generally do not specify the grounds for summary judgment").

In accordance with the above-stated principles, it would be illogical to require an appellee appealing the grant of a motion to dismiss to list cross-assignments of error when the appellant is not required to list assignments of error. We will not limit the scope of our review of this appeal merely because the trial court specified the grounds for its decision. *Accord id.* Caterpillar is free to argue on appeal any grounds to support the judgment. We do note, however, that this exception to the requirement of an appellee to cross-assign as error is limited to instances where the trial court is not required to make findings of fact in its order, such as the entry of summary judgment or an order granting a motion to dismiss.

[4] We must now examine whether the dismissal order should be upheld on the basis of lack of privity. Under the common law, a buyer of a "good" could not assert a claim against the manufacturer for breach of implied warranties because there was no privity. *Richard W. Cooper Agency, Inc. v. Irwin Yacht & Marine Corp.*, 46 N.C. App. 248, 251, 264 S.E.2d 768, 770 (1980). However, the North Carolina Products Liability Act eliminated the privity requirement against manufacturers, but only for actions seeking recovery for personal injury

ATLANTIC COAST MECH., INC. v. ARCADIS, GERAGHTY & MILLER OF N.C., INC.

[175 N.C. App. 339 (2006)]

or property damage. N.C. Gen. Stat. § 99B-2(b); *AT & T Corp. v. Medical Review of N.C., Inc.*, 876 F. Supp. 91, 95 (E.D.N.C. 1995). Privity is still required in an action for breach of implied warranties that seeks recovery for economic loss. *Energy Investors Fund, L.P. v. Metric Constructors, Inc.*, 351 N.C. 331, 338, 525 S.E.2d 441, 446 (2000); *Gregory v. Atrium Door and Window Co.*, 106 N.C. App. 142, 144, 415 S.E.2d 574, 576 (1992). The rationale for this exception is that an action seeking to recover damages for economic loss is not a product liability action governed by the Act. *AT&T*, 876 F.Supp. at 95.

Accordingly, we must determine whether the damage the plant suffered to its generators and electronic equipment constituted "economic loss." Under North Carolina law, "when a component part of a product or a system injures the rest of the product or the system, only economic loss has occurred." *Wilson v. Dryvit Sys.*, 206 F. Supp. 2d 749, 753 (E.D.N.C. 2002) (citing *Gregory*, 106 N.C. App. at 144, 415 S.E.2d at 575, which held water damage to flooring caused by allegedly defective doors was economic loss). Here, the generators were installed as a component part of the system, thus the plant only suffered economic loss. Therefore, in order for ACM to maintain an action against Caterpillar there must be privity. As none exists, the trial court did not err in dismissing ACM's breach of implied warranty claims against Caterpillar.

## C. Negligence

Although, plaintiff contends the trial court erred in dismissing its negligence claims against Poole and Caterpillar, we do not address this issue as it is not properly before this Court. Our scope of review is "confined to a consideration of those assignments of error set out in the record on appeal." N.C. R. App. P. 10(a). Since plaintiff failed to assign this as error in the record, this issue is not properly before us.

## D. Breach of Contract

[5] The trial court also dismissed plaintiff's claims for breach of contract to the extent they "sound[ed] in tort." Plaintiff's breach of contract claims were as follows:

a) failure to supply a Generator set that performed according to the Project specifications, specifically failure to provide an adequate automatic transfer switch with adequate overvoltage protection and failure to provide adequate overload and current protection,

ATLANTIC COAST MECH., INC. v. ARCADIS, GERAGHTY & MILLER OF N.C., INC.

[175 N.C. App. 339 (2006)]

b) failure to supply a Generator set that performed according to the Project specifications;

c) supplying a Generator Set that contained defective materials and/or equipment

d) failure to properly inspect and test the Generator Set to determine the existence of any deficiencies

e) failure to ensure that its supplier provided that proper Generator set

f) failure to perform the work in accordance with the terms and conditions of the contract with Via

g) failure to provide reimbursement to ACM for damages incurred as a result of faulty performance by Poole despite demands by ACM for payment.

The trial court properly dismissed the claims contained in (d) and (e) as these were tort claims, although they arose out of a breach of contract. *See North Carolina State Ports Authority v. Lloyd A. Fry Roofing Co.*, 294 N.C. 73, 82, 240 S.E.2d 345, 350 (1978) (holding a breach of contract gives rise to a tort action where "[t]he injury, proximately caused by the promisor's negligent, or wilful, act or omission in the performance of his contract, was to property of the promisee other than the property which was the subject of the contract . . . "). The claim under (g) for failure to pay damages was also properly dismissed as it had no basis in breach of contract. As these claims sounded in tort, and since tort claims are not assignable, the trial court did not err in dismissing plaintiff's breach of contract claims to the extent they sounded in tort.

## Summary Judgment

[6] In plaintiff's second argument, it contends the trial court improperly granted summary judgment in favor of Poole on the breach of contract claims. We disagree.

We review the trial court's grant of summary judgment *de novo*. *Stafford*, 163 N.C. App. at 151, 592 S.E.2d at 713. Summary judgment is proper when the pleadings, together with depositions, interrogatories, admissions on file, and supporting affidavits show that no genuine issue of material fact exists between the parties with respect to the controversy being litigated and the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005).

ATLANTIC COAST MECH., INC. v. ARCADIS, GERAGHTY & MILLER OF N.C., INC.

[175 N.C. App. 339 (2006)]

In considering such a motion, the court must view the evidence in the light most favorable to the nonmovant. *DeWitt v. Eveready Battery Co.*, 355 N.C. 672, 681, 565 S.E.2d 140, 146 (2002). The party moving for summary judgment bears the burden of establishing the lack of any triable issue of fact. *Id.* at 681, 565 S.E.2d at 146. This burden may be met " 'by proving that an essential element of the opposing party's claim is non-existent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of [its] claim . . . .' " *Id.* (citations omitted).

In order to prove a breach of contract, the plaintiff must establish: (1) the existence of a valid contract, and (2) defendant breached of the terms of that contract. *Wall v. Fry*, 162 N.C. App. 73, 77, 590 S.E.2d 283, 285 (2004). Neither party contests they entered into a valid contract for the purchase of the generators. The only dispute is whether Poole provided generators that met the terms of the contract.

Specifically, ACM contends Poole breached the contract in that it failed to: (1) provide generators with an adequate automatic transfer switch having adequate overvoltage protection; (2) provide a generator set that performed according to the project specifications; (3) properly inspect the generator set to determine any deficiencies; and (4) perform the work in accordance with the terms and conditions of the contract. The evidence taken in the light most favorable to ACM establishes that Poole was not the manufacturer of the generators, only the distributor. Poole delivered the two generators, which met the requirements Via specified. Poole inspected the generators after they was delivered to the work site and ran start-up tests on them to insure they were working properly before they became operational. The generators ran consistently for four hours with only minimal problems, which Poole repaired. In the deposition of Milton Via, Jr., Via's project manager, he testified the generators performed satisfactorily for the seventeen or eighteen months preceding the 16 September 1999 incident. Despite the generator's malfunction, there was no evidence presented showing that Poole could have detected a defect in the parts described above. All the evidence presented demonstrates Poole complied with the terms of the contract. Thus, plaintiff is unable to establish an essential element of its claim, that is, that Poole breached the contract. Accordingly, the trial court did not err in granting Poole's motion for summary judgment on the breach of contract claim.

For the reasons discussed herein, we reverse Judge Manning's order dismissing ACM's claims against Poole for breach of express warranty and for breach of the implied warranties of merchantability and fitness for a particular purpose. We affirm Judge Manning's order dismissing the claims against Caterpillar for breach of the implied warranties, and also affirm Judge Hobgood's order of summary judgment on the claim for breach of contract.

REVERSED IN PART; AFFIRMED IN PART.

Judges HUDSON and JACKSON concur.