IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-28

 No. COA21-333

 Filed 18 January 2022

 Haywood County, No. 19 CVS 486

 JOHN L. DAVIS, Plaintiff,

 v.

 LAKE JUNALUSKA ASSEMBLY, INC., Defendant.

 Appeal by plaintiff from order entered 10 February 2021 by Judge Bradley B.

 Letts in Haywood County Superior Court. Heard in the Court of Appeals 14

 December 2021.

 John L. Davis pro se.

 McGuire, Wood & Bissette, PA, by Matthew S. Roberson, for defendant-appellee.

 TYSON, Judge.

¶1 John L. Davis (“Plaintiff”) appeals from orders entered granting summary

 judgment in favor of Lake Junaluska Assembly, Inc. (“Defendant”). We affirm.

 I. Background

¶2 Plaintiff is the owner of real property located in the Lake Junaluska Assembly

 Conference and Retreat (“Retreat”). Defendant is a non-profit, non-stock company,

 which manages, owns, develops, and sells real property in the Retreat. The Retreat

 contains more than 700 private residences. The Retreat also contains a lake, meeting
 DAVIS V. LAKE JUNALUSKA ASSEMBLY, INC.

 2022-NCCOA-28

 Opinion of the Court

 facilities, event auditoriums, a campground, rental accommodations, and outdoor

 recreation facilities. The Retreat is used for meetings, events, religious conferences,

 and retreats.

¶3 In 1913, Defendant’s predecessor-in-interest began selling lots for private

 residential use. The Retreat “was established for the benefit of the United Methodist

 Church” as “a resort for religious, charitable, educational and benevolent purposes[.]”

 In the declaration of the protective covenants, conditions, restrictions and easements,

 Defendant states the Retreat “is dedicated to the training, edification and inspiration

 of people who are interested in and concerned with Christian principles and

 concepts.”

¶4 Plaintiff purchased his lot within the Retreat in 2011. Plaintiff’s property was

 first conveyed in 1950 to Plaintiff’s predecessor-in-interest, Eugene L. de Casteline.

 The following covenants are contained within Plaintiff’s chain of title:

 Second: That said lands shall be held, owned and occupied
 subject to the provisions of the charter of the Lake
 Junaluska Assembly, Inc. and all amendments thereto,
 heretofore, or hereafter enacted, and to the bylaws and
 regulations, ordinances and community rules which have
 been or hereafter may be, from time to time, adopted by
 said Lake Junaluska Assembly, Inc., and its successors.

 ....

 Fifth: That it is expressly stipulated and covenanted
 between said party of the first part and that said party of
 the second part his heirs and assigns, that the bylaws,
 DAVIS V. LAKE JUNALUSKA ASSEMBLY, INC.

 2022-NCCOA-28

 Opinion of the Court

 regulations, community rules and ordinances heretofore or
 hereafter adopted by the said Lake Junaluska Assembly,
 Inc. shall be binding upon all owners and occupants of said
 lands as full and to the same extent as if the same were
 fully set forth in this Deed, and all owners and occupants
 of said lands shall be bound thereby.

¶5 Plaintiff filed an action alleging: (1) the Retreat is a planned community

 pursuant to N.C. Gen. Stat. § 47F (2021); (2) Defendant made expenditures from

 assessments collected for purposes not stated in the Retreat’s Rules; (3) an

 amendment in the Retreat’s Rules conflicted with established case law; (4) Defendant

 improperly adopted Amendments to the Rules for the Retreat; and, (5) the lien

 practices of Defendant in the Retreat are not authorized by law.

¶6 The trial court granted Defendant’s motion for summary judgment on 5 August

 2020 holding the Planned Community Act, N.C. Gen. Stat. § 47F, does not apply to

 Defendant. Plaintiff filed a motion seeking Defendant to release detailed financial

 records on the collection and expenditures of assessments within the Retreat.

 Following a hearing, the trial court allowed in part and denied in part Plaintiff’s

 disclosure motion. Plaintiff filed a motion for reconsideration pursuant to North

 Carolina Rule of Civil Procedure 59, which was denied following a hearing by order

 on 10 February 2021.

¶7 Defendant filed a motion for summary judgment on all remaining issues on 21

 January 2021, which the trial court allowed on 10 February 2021. Plaintiff appealed.
 DAVIS V. LAKE JUNALUSKA ASSEMBLY, INC.

 2022-NCCOA-28

 Opinion of the Court

 II. Jurisdiction

¶8 Jurisdiction in this Court lies pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2021).

 III. Issue

¶9 Plaintiff argues the trial court erred when it granted summary judgment in

 favor of Defendant.

 IV. Analysis

 A. Standard of Review

¶ 10 North Carolina Rule of Civil Procedure 56(c) allows a moving party to obtain

 summary judgment upon demonstrating “the pleadings, depositions, answers to

 interrogatories, and admissions on file, together with the affidavits” show they are

 “entitled to a judgment as a matter of law” and “there is no genuine issue as to any

 material fact.” N.C. Gen. Stat. § 1A-1, Rule 56(c) (2021).

¶ 11 A material fact is one supported by evidence that would “persuade a reasonable

 mind to accept a conclusion.” Liberty Mut. Ins. Co. v. Pennington, 356 N.C. 571, 579,

 573 S.E.2d 118, 124 (2002) (citation omitted). “An issue is material if the facts alleged

 would . . . affect the result of the action.” Koontz v. City of Winston-Salem, 280 N.C.

 513, 518, 186 S.E.2d 897, 901 (1972).

¶ 12 Our Court has held:

 A defendant may show entitlement to summary judgment
 by (1) proving that an essential element of the plaintiff’s
 case is non-existent, or (2) showing through discovery that
 the plaintiff cannot produce evidence to support an
 DAVIS V. LAKE JUNALUSKA ASSEMBLY, INC.

 2022-NCCOA-28

 Opinion of the Court

 essential element of his or her claim, or (3) showing that
 the plaintiff cannot surmount an affirmative defense.

 Draughon v. Harnett Cty. Bd. of Educ., 158 N.C. App. 208, 212, 580 S.E.2d 732, 735

 (2003), aff’d per curiam, 358 N.C. 131, 591 S.E.2d 521 (2004) (citation and internal

 quotation marks omitted).

¶ 13 When reviewing the allegations and proffers at summary judgment, “[a]ll

 inferences of fact from the proofs offered at the hearing must be drawn against the

 movant and in favor of the party opposing the motion.” Boudreau v. Baughman, 322

 N.C. 331, 343, 368 S.E.2d 849, 858 (1988) (citation omitted). Summary judgment is

 not appropriate where matters of credibility and determining the weight of the

 evidence exist. Moore v. Fieldcrest Mills, Inc., 296 N.C. 467, 470, 251 S.E.2d 419, 422

 (1979).

¶ 14 “[O]nce the party seeking summary judgment makes the required showing, the

 burden shifts to the nonmoving party to produce a forecast of evidence demonstrating

 specific facts, as opposed to allegations, showing that he can at least establish a prima

 facie case at trial.” Pacheco v. Rogers and Breece, Inc., 157 N.C. 448, 445, 579 S.E.2d

 505, 507 (2003) (citation omitted).

¶ 15 On appeal, “[t]he standard of review for summary judgment is de novo.” Forbis

 v. Neal, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) (citation omitted).

 B. 5 August 2020 Order
 DAVIS V. LAKE JUNALUSKA ASSEMBLY, INC.

 2022-NCCOA-28

 Opinion of the Court

¶ 16 The North Carolina Planned Community Act was enacted in 1999 and “applies

 to all planned communities created within this State on or after January 1, 1999.”

 N.C. Gen. Stat. § 47F-1-102(a) (2021). Certain provisions of the Planned Community

 Act apply to planned communities created prior to 1999, “unless the articles of

 incorporation or the declaration expressly provides to the contrary.” N.C. Gen. Stat.

 § 47F-1-102(c) (2021).

¶ 17 N.C. Gen. Stat. § 47F-1-102(c) enumerates sections of the Planned Community

 Act that apply to planned communities created prior to 1999, but “only with respect

 to events and circumstances occurring on or after January 1, 1999, and do not

 invalidate existing provisions of the declaration, bylaws, or plats and plans of those

 planned communities.” Id. (emphasis supplied).

¶ 18 Our Supreme Court examined the bylaws of the Retreat in Southeastern

 Jurisdictional Admin. Council, Inc. v. Emerson, 363 N.C. 590, 599-600, 683 S.E.2d

 366, 372 (2009). The Court reviewed whether an amendment, which imposed an

 annual service charge “in an amount fixed by the SEJ Administrative Council for

 garbage and trash collection, police protection, street maintenance, street lighting,

 drainage maintenance, administrative costs and upkeep of the common areas,” was

 reasonable. Nowhere in Southeastern Jurisdictional does the majority’s opinion

 address the applicability of the Planned Community Act to the Retreat nor does it

 cite N.C. Gen. Stat. § 47F.
 DAVIS V. LAKE JUNALUSKA ASSEMBLY, INC.

 2022-NCCOA-28

 Opinion of the Court

¶ 19 Plaintiff argues the trial court erred by holding “Southeastern Jurisdictional

 Admin. Council v. Emerson, 363 N.C. 590, 683 S.E.2d 366 (2009) is controlling for

 this case.” Plaintiff asserts this conclusion of law constitutes reversible error.

 Contrary to Plaintiff’s argument and presuming error, this ruling is not per se

 reversible error. Even if the trial court cited an incorrect basis for the judgment, this

 Court “will not disturb a judgment where the correct result has been reached.”

 Atlantic Coast Mech., Inc. v. Arcadis, Geraghty & Miller of N.C., Inc., 175 N.C. App.

 339, 344, 623 S.E.2d 334, 338 (2006). Defendant, as appellee, is “free to argue on

 appeal any ground to support the trial court’s grant of summary judgment regardless

 of the fact the trial court specified the grounds for its summary judgment decision.”

 Id. at 344, 623 S.E.2d at 339 (citations omitted).

¶ 20 Our Court has held:

 The purpose of the entry of findings of fact by a trial court
 is to resolve contested issues of fact. This is not appropriate
 when granting a motion for summary judgment, where the
 basis of the judgment is that there is no genuine issue as
 to any material fact and that any party is entitled to a
 judgment as a matter of law.

 War Eagle, Inc. v. Belair, 204 N.C. App. 548, 551-52, 694 S.E.2d 497, 500 (2010)

 (citations and quotation marks omitted). Summary judgment orders should not

 include contested findings of fact. “[A]ny findings should clearly be denominated as

 ‘uncontested facts’ and not as a resolution of contested facts.” Id.
 DAVIS V. LAKE JUNALUSKA ASSEMBLY, INC.

 2022-NCCOA-28

 Opinion of the Court

¶ 21 Plaintiff has not asserted any “events or circumstances” occurring after 1

 January 1999 to invoke the retroactive provisions of N.C. Gen. Stat. § 47F-1-102(c).

 Plaintiff purchased the property with prior record notice of the covenants recorded

 within the chain of title. Plaintiff’s argument is overruled.

 C. 10 February 2021 Order on Plaintiff’s Motion for Reconsideration

¶ 22 The trial court denied Plaintiff’s motion for summary judgment in part and

 granted Plaintiff’s motion for summary judgment in part by ordering Defendant to

 “make available to property owners in the Lake Junaluska Retreat, an annual profit

 and loss statement, a balance sheet, capital budget, and annual audit (if one is

 prepared)” for each year beginning with 2020.

¶ 23 “The labels ‘findings of fact’ and ‘conclusions of law’ employed by the trial court

 in a written order do not determine the nature of our review.” Westmoreland v. High

 Point Healthcare, Inc., 218 N.C. App. 76, 79, 721 S.E.2d 712, 716 (2012). Our Court

 has held:

 The classification of a determination as either a finding
 of fact or a conclusion of law is admittedly difficult. As a
 general rule, however, any determination requiring the
 exercise of judgment, or the application of legal principles,
 is more properly classified as a conclusion of law. Any
 determination reached through logical reasoning from the
 evidentiary facts is more properly classified a finding
 of fact.

 In re Helms, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997) (citations and
 DAVIS V. LAKE JUNALUSKA ASSEMBLY, INC.

 2022-NCCOA-28

 Opinion of the Court

 quotation marks omitted).

¶ 24 The trial court stated “the following non-controverted facts:”

 1. This Court, following a hearing on July 27, 2020 on cross-
 motions for summary judgment by Plaintiff and Defendant,
 ruled that that (sic) the North Carolina Planned
 Community Act (N.C. Gen. Stat. § 47F-1-101 et. seq) does
 not apply to Defendant or the Lake Junaluska
 Development;

 2. Defendant and the Lake Junaluska development is a
 unique community;

 3. The North Carolina Supreme Court’s opinion and ruling
 in Southeastern Jurisdictional Admin. Council v. Emerson,
 363 N.C. 590, 683 S.E.2d 366 (2009) does not address the
 issue concerning the disclosure of financial records of
 Defendant; and

 4. Because the North Carolina Planned Community [Act]
 does not apply to the Defendant or the Lake Junaluska
 development, and given the unique character and long-
 standing history of covenant-imposed regulations, there is
 a gray area and ambiguity concerning the disclosure of
 financial records by Defendant and the entitlement of
 Plaintiff and other similarly situated property owners in
 the Lake Junaluska development who pay service charges
 imposed by Defendant to view financial records of
 Defendant.

¶ 25 Plaintiff argues these findings of fact are controverted. Number one is a

 recitation of the trial court’s 5 August 2020 order. Number two does not have any

 legal significance. Numbers three and four involve the “application of legal

 principles” and are conclusions of law and not controverted or “non-controverted

 facts.” Id.
 DAVIS V. LAKE JUNALUSKA ASSEMBLY, INC.

 2022-NCCOA-28

 Opinion of the Court

¶ 26 Plaintiff argues the trial court erred in holding “The North Carolina Supreme

 Court’s opinion and ruling in Southeastern Jurisdictional Admin. Council v.

 Emerson, 363 N.C. 590, 683 S.E.2d 366 (2009) does not address the issue concerning

 the disclosure of financial records of Defendant[.]” Our Supreme Court’s holding in

 Southeastern Jurisdictional, only addresses the validity of service charges imposed

 on lot owners within the Retreat and not Defendant’s disclosure responsibilities or

 lot owners’ rights to disclosure of records. Southeastern Jurisdictional Admin.

 Council Inc., 363 N.C. at 601, 683 S.E.2d at 373. Plaintiff’s argument is overruled.

¶ 27 Plaintiff further argues the trial court erred in its holding of finding of fact

 four. As is held above, the Retreat is not subject to the Planned Community Act.

 Plaintiff is not entitled to disclosures pursuant to the Planned Community Act.

 Plaintiff’s argument is overruled.

¶ 28 Plaintiff argues the trial court erred by denying him discovery of records and

 legers pursuant to Rule 26 of our Rules of Civil Procedure by denying his motion for

 summary judgment. See N.C. Stat. § 1A-1, Rule 26 (2021). Plaintiff sought the

 release of information pursuant to the Planned Community Act, which the trial court

 properly held was inapplicable to the Retreat. Plaintiff filed a motion for summary

 judgment, not a motion to compel Defendant’s production of documents. The record

 on appeal does not contain any motion for discovery pursuant to Rule 26 of our Rules

 of Civil Procedure. Plaintiff’s argument is overruled.
 DAVIS V. LAKE JUNALUSKA ASSEMBLY, INC.

 2022-NCCOA-28

 Opinion of the Court

 D. 10 February 2021 Order on Defendant’s Summary Judgment Motion

¶ 29 The trial court granted summary judgment to Defendant on all remaining

 claims by order entered 10 February 2021. As is held above, the Retreat is not subject

 to the Planned Community Act. N.C. Gen. Stat. § 47F-1-102(c). Defendant is not

 subject to the Planned Community Act’s disclosure requirements. Id.

¶ 30 Plaintiff argues summary judgment was improper because witness testimony

 is required to sort through conflicts of information to establish material facts.

 Plaintiff failed to present a forecast of evidence to the trial court to show any genuine

 factual dispute exists. See Pacheco, 157 N.C. at 448, 579 S.E.2d at 507. Plaintiff’s

 argument is overruled.

 V. Conclusion

¶ 31 The trial court properly granted summary judgment for Defendant on all

 remaining claims by order entered 10 February 2021. The trial court did not err in

 denying Plaintiff’s motion for summary judgment in part. Plaintiff’s forecast of

 evidence does not establish a genuine issue of material fact exists. The trial court’s

 order is affirmed. It is so ordered.

 AFFIRMED.

 Judges CARPENTER and GORE concur.