IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-28

No. COA21-333

Filed 18 January 2022

Haywood County, No. 19 CVS 486

JOHN L. DAVIS, Plaintiff,

v.

LAKE JUNALUSKA ASSEMBLY, INC., Defendant.

Appeal by plaintiff from order entered 10 February 2021 by Judge Bradley B. Letts in Haywood County Superior Court. Heard in the Court of Appeals 14 December 2021.

*John L. Davis pro se.*

*McGuire, Wood & Bissette, PA, by Matthew S. Roberson, for defendant-appellee.*

TYSON, Judge.

¶ 1 John L. Davis ("Plaintiff") appeals from orders entered granting summary judgment in favor of Lake Junaluska Assembly, Inc. ("Defendant"). We affirm.

## I. Background

¶ 2 Plaintiff is the owner of real property located in the Lake Junaluska Assembly Conference and Retreat ("Retreat"). Defendant is a non-profit, non-stock company, which manages, owns, develops, and sells real property in the Retreat. The Retreat contains more than 700 private residences. The Retreat also contains a lake, meeting

facilities, event auditoriums, a campground, rental accommodations, and outdoor recreation facilities. The Retreat is used for meetings, events, religious conferences, and retreats.

In 1913, Defendant's predecessor-in-interest began selling lots for private residential use. The Retreat "was established for the benefit of the United Methodist Church" as "a resort for religious, charitable, educational and benevolent purposes[.]" In the declaration of the protective covenants, conditions, restrictions and easements, Defendant states the Retreat "is dedicated to the training, edification and inspiration of people who are interested in and concerned with Christian principles and concepts."

Plaintiff purchased his lot within the Retreat in 2011. Plaintiff's property was first conveyed in 1950 to Plaintiff's predecessor-in-interest, Eugene L. de Casteline. The following covenants are contained within Plaintiff's chain of title:

> Second: That said lands shall be held, owned and occupied subject to the provisions of the charter of the Lake Junaluska Assembly, Inc. and all amendments thereto, heretofore, or hereafter enacted, and to the bylaws and regulations, ordinances and community rules which have been or hereafter may be, from time to time, adopted by said Lake Junaluska Assembly, Inc., and its successors.
>
> . . . .
>
> Fifth: That it is expressly stipulated and covenanted between said party of the first part and that said party of the second part his heirs and assigns, that the bylaws,

> regulations, community rules and ordinances heretofore or hereafter adopted by the said Lake Junaluska Assembly, Inc. shall be binding upon all owners and occupants of said lands as full and to the same extent as if the same were fully set forth in this Deed, and all owners and occupants of said lands shall be bound thereby.

¶ 5 Plaintiff filed an action alleging: (1) the Retreat is a planned community pursuant to N.C. Gen. Stat. § 47F (2021); (2) Defendant made expenditures from assessments collected for purposes not stated in the Retreat's Rules; (3) an amendment in the Retreat's Rules conflicted with established case law; (4) Defendant improperly adopted Amendments to the Rules for the Retreat; and, (5) the lien practices of Defendant in the Retreat are not authorized by law.

¶ 6 The trial court granted Defendant's motion for summary judgment on 5 August 2020 holding the Planned Community Act, N.C. Gen. Stat. § 47F, does not apply to Defendant. Plaintiff filed a motion seeking Defendant to release detailed financial records on the collection and expenditures of assessments within the Retreat. Following a hearing, the trial court allowed in part and denied in part Plaintiff's disclosure motion. Plaintiff filed a motion for reconsideration pursuant to North Carolina Rule of Civil Procedure 59, which was denied following a hearing by order on 10 February 2021.

¶ 7 Defendant filed a motion for summary judgment on all remaining issues on 21 January 2021, which the trial court allowed on 10 February 2021. Plaintiff appealed.

## II. Jurisdiction

Jurisdiction in this Court lies pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2021).

## III. Issue

Plaintiff argues the trial court erred when it granted summary judgment in favor of Defendant.

## IV. Analysis

### A. Standard of Review

North Carolina Rule of Civil Procedure 56(c) allows a moving party to obtain summary judgment upon demonstrating "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" show they are "entitled to a judgment as a matter of law" and "there is no genuine issue as to any material fact." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2021).

A material fact is one supported by evidence that would "persuade a reasonable mind to accept a conclusion." *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 579, 573 S.E.2d 118, 124 (2002) (citation omitted). "An issue is material if the facts alleged would . . . affect the result of the action." *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972).

Our Court has held:

> A defendant may show entitlement to summary judgment by (1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an

essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense.

*Draughon v. Harnett Cty. Bd. of Educ.*, 158 N.C. App. 208, 212, 580 S.E.2d 732, 735 (2003), *aff'd per curiam*, 358 N.C. 131, 591 S.E.2d 521 (2004) (citation and internal quotation marks omitted).

¶ 13    When reviewing the allegations and proffers at summary judgment, "[a]ll inferences of fact from the proofs offered at the hearing must be drawn against the movant and in favor of the party opposing the motion." *Boudreau v. Baughman*, 322 N.C. 331, 343, 368 S.E.2d 849, 858 (1988) (citation omitted).  Summary judgment is not appropriate where matters of credibility and determining the weight of the evidence exist.  *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 470, 251 S.E.2d 419, 422 (1979).

¶ 14    "[O]nce the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial." *Pacheco v. Rogers and Breece, Inc.*, 157 N.C. 448, 445, 579 S.E.2d 505, 507 (2003) (citation omitted).

¶ 15    On appeal, "[t]he standard of review for summary judgment is de novo." *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) (citation omitted).

**B. 5 August 2020 Order**

¶ 16        The North Carolina Planned Community Act was enacted in 1999 and "applies to all planned communities created within this State on or after January 1, 1999." N.C. Gen. Stat. § 47F-1-102(a) (2021). Certain provisions of the Planned Community Act apply to planned communities created prior to 1999, "unless the articles of incorporation or the declaration expressly provides to the contrary." N.C. Gen. Stat. § 47F-1-102(c) (2021).

¶ 17        N.C. Gen. Stat. § 47F-1-102(c) enumerates sections of the Planned Community Act that apply to planned communities created prior to 1999, but "only with respect to events and circumstances occurring on or after January 1, 1999, and *do not invalidate existing provisions of the declaration, bylaws, or plats and plans of those planned communities.*" *Id.* (emphasis supplied).

¶ 18        Our Supreme Court examined the bylaws of the Retreat in *Southeastern Jurisdictional Admin. Council, Inc. v. Emerson*, 363 N.C. 590, 599-600, 683 S.E.2d 366, 372 (2009). The Court reviewed whether an amendment, which imposed an annual service charge "in an amount fixed by the SEJ Administrative Council for garbage and trash collection, police protection, street maintenance, street lighting, drainage maintenance, administrative costs and upkeep of the common areas," was reasonable. Nowhere in *Southeastern Jurisdictional* does the majority's opinion address the applicability of the Planned Community Act to the Retreat nor does it cite N.C. Gen. Stat. § 47F.

Plaintiff argues the trial court erred by holding "*Southeastern Jurisdictional Admin. Council v. Emerson*, 363 N.C. 590, 683 S.E.2d 366 (2009) is controlling for this case." Plaintiff asserts this conclusion of law constitutes reversible error. Contrary to Plaintiff's argument and presuming error, this ruling is not *per se* reversible error. Even if the trial court cited an incorrect basis for the judgment, this Court "will not disturb a judgment where the correct result has been reached." *Atlantic Coast Mech., Inc. v. Arcadis, Geraghty & Miller of N.C., Inc.*, 175 N.C. App. 339, 344, 623 S.E.2d 334, 338 (2006). Defendant, as appellee, is "free to argue on appeal any ground to support the trial court's grant of summary judgment regardless of the fact the trial court specified the grounds for its summary judgment decision." *Id.* at 344, 623 S.E.2d at 339 (citations omitted).

Our Court has held:

> The purpose of the entry of findings of fact by a trial court is to resolve contested issues of fact. This is not appropriate when granting a motion for summary judgment, where the basis of the judgment is that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

*War Eagle, Inc. v. Belair*, 204 N.C. App. 548, 551-52, 694 S.E.2d 497, 500 (2010) (citations and quotation marks omitted). Summary judgment orders should not include contested findings of fact. "[A]ny findings should clearly be denominated as 'uncontested facts' and not as a resolution of contested facts." *Id.*

Plaintiff has not asserted any "events or circumstances" occurring after 1 January 1999 to invoke the retroactive provisions of N.C. Gen. Stat. § 47F-1-102(c). Plaintiff purchased the property with prior record notice of the covenants recorded within the chain of title. Plaintiff's argument is overruled.

### C. 10 February 2021 Order on Plaintiff's Motion for Reconsideration

The trial court denied Plaintiff's motion for summary judgment in part and granted Plaintiff's motion for summary judgment in part by ordering Defendant to "make available to property owners in the Lake Junaluska Retreat, an annual profit and loss statement, a balance sheet, capital budget, and annual audit (if one is prepared)" for each year beginning with 2020.

"The labels 'findings of fact' and 'conclusions of law' employed by the trial court in a written order do not determine the nature of our review." *Westmoreland v. High Point Healthcare, Inc.*, 218 N.C. App. 76, 79, 721 S.E.2d 712, 716 (2012). Our Court has held:

> The classification of a determination as either a finding of fact or a conclusion of law is admittedly difficult. As a general rule, however, any determination requiring the exercise of judgment, or the application of legal principles, is more properly classified as a conclusion of law. Any determination reached through logical reasoning from the evidentiary facts is more properly classified a finding of fact.

*In re Helms*, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997) (citations and

quotation marks omitted).

The trial court stated "the following non-controverted facts:"

> 1. This Court, following a hearing on July 27, 2020 on cross-motions for summary judgment by Plaintiff and Defendant, ruled that that (sic) the North Carolina Planned Community Act (N.C. Gen. Stat. § 47F-1-101 et. seq) does not apply to Defendant or the Lake Junaluska Development;
>
> 2. Defendant and the Lake Junaluska development is a unique community;
>
> 3. The North Carolina Supreme Court's opinion and ruling in *Southeastern Jurisdictional Admin. Council v. Emerson*, 363 N.C. 590, 683 S.E.2d 366 (2009) does not address the issue concerning the disclosure of financial records of Defendant; and
>
> 4. Because the North Carolina Planned Community [Act] does not apply to the Defendant or the Lake Junaluska development, and given the unique character and long-standing history of covenant-imposed regulations, there is a gray area and ambiguity concerning the disclosure of financial records by Defendant and the entitlement of Plaintiff and other similarly situated property owners in the Lake Junaluska development who pay service charges imposed by Defendant to view financial records of Defendant.

Plaintiff argues these findings of fact are controverted. Number one is a recitation of the trial court's 5 August 2020 order. Number two does not have any legal significance. Numbers three and four involve the "application of legal principles" and are conclusions of law and not controverted or "non-controverted facts." *Id.*

¶ 26    Plaintiff argues the trial court erred in holding "The North Carolina Supreme Court's opinion and ruling in *Southeastern Jurisdictional Admin. Council v. Emerson*, 363 N.C. 590, 683 S.E.2d 366 (2009) does not address the issue concerning the disclosure of financial records of Defendant[.]" Our Supreme Court's holding in *Southeastern Jurisdictional*, only addresses the validity of service charges imposed on lot owners within the Retreat and not Defendant's disclosure responsibilities or lot owners' rights to disclosure of records. *Southeastern Jurisdictional Admin. Council Inc.*, 363 N.C. at 601, 683 S.E.2d at 373. Plaintiff's argument is overruled.

¶ 27    Plaintiff further argues the trial court erred in its holding of finding of fact four. As is held above, the Retreat is not subject to the Planned Community Act. Plaintiff is not entitled to disclosures pursuant to the Planned Community Act. Plaintiff's argument is overruled.

¶ 28    Plaintiff argues the trial court erred by denying him discovery of records and legers pursuant to Rule 26 of our Rules of Civil Procedure by denying his motion for summary judgment. *See* N.C. Stat. § 1A-1, Rule 26 (2021). Plaintiff sought the release of information pursuant to the Planned Community Act, which the trial court properly held was inapplicable to the Retreat. Plaintiff filed a motion for summary judgment, not a motion to compel Defendant's production of documents. The record on appeal does not contain any motion for discovery pursuant to Rule 26 of our Rules of Civil Procedure. Plaintiff's argument is overruled.

### D. 10 February 2021 Order on Defendant's Summary Judgment Motion

¶ 29       The trial court granted summary judgment to Defendant on all remaining claims by order entered 10 February 2021. As is held above, the Retreat is not subject to the Planned Community Act. N.C. Gen. Stat. § 47F-1-102(c). Defendant is not subject to the Planned Community Act's disclosure requirements. *Id.*

¶ 30       Plaintiff argues summary judgment was improper because witness testimony is required to sort through conflicts of information to establish material facts. Plaintiff failed to present a forecast of evidence to the trial court to show any genuine factual dispute exists. *See Pacheco*, 157 N.C. at 448, 579 S.E.2d at 507. Plaintiff's argument is overruled.

### V.    Conclusion

¶ 31       The trial court properly granted summary judgment for Defendant on all remaining claims by order entered 10 February 2021. The trial court did not err in denying Plaintiff's motion for summary judgment in part. Plaintiff's forecast of evidence does not establish a genuine issue of material fact exists. The trial court's order is affirmed. *It is so ordered.*

AFFIRMED.

Judges CARPENTER and GORE concur.